CHARLES PRATT ET AL. v. GEORGE LEWIS ET AL.

*Obstruction of street—Injunction.*

Where an injunction bill avers special injury without explaining what, and the answer traverses the averment, the common formula questioning the bill for want of equity is not enough to raise the point on appeal, that there should have been greater particularity, especially where it is plain that the want of certainty has caused no prejudice.

Injunction lies at the suit of a private person to restrain such an appropriation of the site of a street by another person, as leaves no mode of access to complainant's premises, and otherwise prejudices them.

A street that has been established and recognized for more than ten years cannot be shifted unless according to charter and statutory conditions.

A defendant to an injunction bill cannot object that the suit was revived against the representatives of his deceased co-defendant, where they themselves have not appealed.

Appeal from Bay. Submitted April 3 and 4. Decided June 11.

·  INJUNCTION. Defendant Lewis appeals.

*Scofield & Webster* for complainants. The grantee of a lot bounded by a village street regularly laid out owns to the center of the street subject to the public easement. *Kimball v. Kenosha*, 4 Wis., 321; *Milwaukee v. R. R. Co.*, 7 Wis., 85; *Ford v. R. R. Co.*, 14 Wis., 609; *Weisbrod v. R. R. Co.*, 18 Wis., 35; *Purkiss v. Benson*, 28 Mich., 538; *Wayne County v. Miller*, 31 Mich., 447; *Watson v. Peters*, 26 Mich., 508; a street used for more than ten years is a public highway under Comp. L., § 1268. *Ellsworth v. Grand Rapids*, 27 Mich., 250; *Detroit v. D. & M. R. R.*, 23 Mich., 173; and its location, if acquiesced in for such period cannot be changed. (*Smith v. Hamilton*, 20 Mich., 433; *Joyce v. Williams*, 26 Mich., 332; *Kellogg v. Smith*, 7 Cush., 382) except by

proper proceedings therefor, *Field v. Manchester*, 32 Mich., 279, even though its established bounds are not accurate, *Makepeace v. Bancroft*, 12 Mass., 469; *Dibble v. Rogers*, 13 Wend., 536; *Jackson v. Van Corlaer*, 11 Johns., 123; *Stewart v. Carleton*, 31 Mich., 272; *Reed v. Drake*, 29 Mich., 222; *Bower v. Earl*, 18 Mich., 367; a bill to enjoin a nuisance need not set forth with particularity how complainant is injured, *Tong v. Marvin*, 15 Mich., 60; *Hoffman v. Ross*, 25 Mich., 175, and the objection that it is indefinite should be raised by demurrer, *Salisbury v. Miller*, 14 Mich., 160; *Payne v. Avery*, 21 Mich., 524; injunction lies to protect the quiet enjoynent of an easement or servitude attached to a private estate, *Frances v. Schoellkopf*, 53 N. Y., 152; *Webber v. Gage*, 39 N. H., 182; *Mohawk &c. R. R. v. Artcher*, 6 Paige, 83; *Hills v. Miller*, 3 Paige, 254; *Trustees etc. v. Cowen*, 4 Paige, 510; for definition of "irreparable injury," see Wood on Nuisances, § 770.

*A. C. Maxwell* for defendants. An injunction to restrain a nuisance cannot be sustained unless the complainant alleges and shows that he has sustained special damage not common to others. *Sheboygan v. R. R.*, 21 Wis., 676; *Milhau v. Sharp*, 27 N. Y., 611; *Doolittle v. Supervisors*, 18 N. Y., 155; *Carter v. Towne*, 103 Mass., 507; *Vanderslice v. Newton*, 4 N. Y., 130, and not common to any other class of persons. *Lansing v. Smith*, 8 Cow., 146; *Dougherty v. Bunting*, 1 Sandf., 1; and defendant can object to an order reviving the suit as against the legal representatives of a deceased co-defendant, where the cause of action does not survive, *Douglass v. Sherman*, 2 Paige, 359; *Hoffman v. Tredwell*, 6 Paige, 308; equity will not interfere to restrain nuisance except to prevent irreparable injury. *Wingfield v. Crenshaw*, 4 Hen. & M., 474; *Wolcott v. Melick*, 11 N. J. Eq., 204; *Rochester v. Curtiss*, 1 Clark (N. Y.), 336; *Vanwinkle v. Curtis*, 3 N. J. Eq., 422; *Van Bergen v. Van Bergen*, 3 Johns. Ch., 282; *Curtis v. Wins-*

*low*, 38 Vt., 690; *Bechtel v. Carslake*, 11 N. J., 500; *Highe v. R. R.*, 19 N. Y., 276, and the occupant of the true site of a street has only a nominal right to it, *Matter of Lewis St.*, 2 Wend., 472; *Livingston v. Mayor*, 8 Wend., 85; *Wyman v. Mayor*, 11 Wend., 486; *Matter of 32d St.*, 19 Wend., 128; *Matter of 29th St.*, 1 Hill, 189; *Matter of 39th St.*, 1 Hill, 191.

GRAVES, J.   This bill was filed June 9, 1870, by Charles Pratt against George Lewis, Jacob Sebeck, and James J. McCormick, in the circuit court for the county of Bay in chancery, and the case was subsequently transferred by stipulation to the circuit court in chancery for Genesee county.   The acts and proceedings which induced the suit belong to a controversy concerning the required locality upon the ground of the east and west street or way, once called Cass street, but recently Twenty-second street, in that part of Bay City formerly called Portsmouth.

The way or easement was in actual use, and of course had as matter of fact, a present visibly defined location; and the defendants, Lewis and James J. McCormick, were lot owners on the north and the complainant, Charles Pratt, together with Charles S. Pratt, were lot owners opposite on the south, and the defendants claiming that the way or easement as thus practically located on the ground, was in truth its full width or thereabout, too far north, and that it consequently burdened without right, their lands, and abridged their lots, proceeded to fence up, encumber, and permanently appropriate that portion of the space so occupied as a street, extending the width of the lots.

Upon the other side it was claimed that the way or easement belonged rightly in the space which it occupied, and that the attempt to close it up or shift it was wrongful and specially injurious to complainants, and the bill was filed to abate the obstructions and restrain future acts of nuisance.

July, 1870, the defendants Lewis and James J. McCormick, filed their joint answer upon oath.

January, 1872, Charles Pratt applied to have Charles S. Pratt, with his assent, made co-complainant, and the latter assented.

November, 1872, the defendant James J. McCormick died, and May 3d, 1873, his death was suggested, and the court made an order to revive, and to bring in his heirs and legal representatives.

October 10, 1873, Charles S. Pratt was made co-complainant, and November 2d, 1875, he died and his death was suggested.

July 8, 1876, an order was passed reviving the suit and introducing as parties complainant in the place of Charles S. Pratt, his widow, his heir-at-law, and the administrator of his estate.

The pleadings were allowed to be amended as far as necessary after these changes.

As to Sebeck, the will was taken as confessed.

Proofs having been taken, the case was heard upon the merits, and the court decreed in favor of complainants. All the defendants acquiesced except the defendant Lewis, who alone appealed.

*First.* The objection that the bill does not charge, or the proofs show, any injury or inconvenience to complainants beyond what the public suffers, cannot be allowed. The bill averred special injury but omitted to explain in what it consisted.

The answer expressly traversed this averment, and under the issue thereby made the parties went fully into proof, and it is plain that the want of certainty in the bill has caused no prejudice.

Greater certainty might have been insisted on but was not. *Carew v. Johnston*, 2 Scho. & Lef., 280.

The common formulary inserted in the answer to question the bill for want of equity, was not sufficient to raise the point as to the want of particularity sug-

gested, and the objection was not open at the hearing. 1 Daniel Ch. Pr., 366 to 372 and 585 to 591; *Devonsher v. Newenham*, 2 Scho. & Lef., 199.

The case established by the evidence under this issue was ample.

The transaction is not one where nothing is involved beyond a mere impediment or obstacle to the legitimate enjoyment of a public road, and where no one suffers a greater direct inconvenience than another. Far from it. What is attempted is the complete appropriation of the site of the way by defendants to their own private use in perpetuity, and the entire exclusion of complainants from all enjoyment, and from all chance of egress and ingress on that side, except upon the condition of transferring the burden of the easement to their own premises. And this is not all; other kinds of detriment are involved. The change of situation of complainant's improvements and sites for improvements relatively to street accommodations and surrounding conditions, must cause special disturbance of complainant's rights. Distance, room, aspect and eligibility are matters of much consideration in connection with actual neighboring environments. This feature of the case is plain. *Conrad v. Smith*, 32 Mich., 429; *Benjamin v. Storr*, L. R., 9 Com. P., 400: 10 Eng., 231; *Spencer v. The London & Birmingham R. W. Co.*, 8 Sim., 193; *Corning v. Lowerre*, 6 Johns. Ch., 439; *Frink v. Lawrence*, 20 Conn., 117; *Wilkes v. Hungerford Market Co.*, 2 Bing. N. C., 281; *Soltau v. De Held*, 9 E. L. & E., 104: 2 Sim., (N. S.,) 133.

*Second.* The position that the city removed the easement from the actually worked and traveled site some fifty feet south, cannot be maintained.

It appears by a great weight of evidence that the old location being that supported by complainants, agrees substantially with the site required by the scheme of Farmer's map; that it was actually occupied very early as the true place, and for a short distance was in part fenced; that it was fully identified by several successive

surveyors and staked out; that public money and high-
way labor were expended on it; that the authorities and
citizens recognized it and used it as the street in ques-
tion, and that the location continued to have general
acquiescence for more than ten years and down to about
1864, when one Huggins made a partial re-survey of a
part of the old Portsmouth plat, and called in question
the accuracy of the location of this and one or more
other streets.

Now it is plain that this easement or right of way
called Cass street, had become established on the strip
of land;—in fact occupied and existed there in the sight
of the public. It was proof for itself. It could not be
dealt with as a float. It had become attached to the
ground it covered. The circumstance of its being where
it was demonstrated its right to be there. It could be
surveyed in the place which had become appropriated
by it and be described accordingly if thought necessary.
But it was not capable of being shifted about by survey-
ors. The evidence is rather vague as to the real sense
of the proceedings by the city, and there are indications
that the members of the common council were never
very clear as to what was proper. It is entirely certain,
however, that their acts were not based on the charter
power to vacate, alter, and lay out streets, and were
without force to effect any change of that kind. There
seems to have been no attempt to comply with that
branch of the charter (2 Sess. L. 1867, p. 377), and if
the measures taken, such as they were, can be referred
to the charter at all or to any other law, they must be
referred to the provisions granting power to find and
mark street boundaries, 2 Sess. L. 1867, p. 357, § 11;
2 Sess. L. 1869, p. 572, § 9, subdivision 29.

No other regulations having any possible application
are discovered, and these certainly could afford no war-
rant for assuming to transfer the way to another place.
Every survey and description made according to the true
state of things, and the statute authorizes no other,
would necessarily identify the easement where it had

become fixed and in fact appeared; and the proceedings of the city cannot be construed as having the effect to remove it to new ground. The site remained unchanged.

*Third.* It does not appear to the court that it is open to defendant Lewis, who alone appeals, to question the validity of the order of revivor made after the death of defendant McCormick. He insists that the cause of action as against that party expired, and that the order to revive against McCormick's heirs and legal representatives was consequently void.

They have not appealed against the decree. They do not complain, but acquiesce, and no body else is entitled to object that they are charged with a defunct liability.

If the liability McCormick was under terminated at his death the suit was no longer affected by it, and there was nothing to hinder the prosecution of the case to final decree against the appellant. Comp. L., § 5101.

The claim that William R. McCormick as administrator of Charles S. Pratt deceased, one of complainants, had no interest and ought not to have been made a party on the death of Mr. Pratt, is not much pressed. It possesses no importance. His presence in the record, whether necessary or not, caused no prejudice to appellant, and does not appear to have been objected to. At all events there is nothing in the fact of his being brought in and retained to require any change in the decree, much less a reversal of it.

*Fourth.* My brethren think that the equity of complainants against the closing up or blocking the street where it now runs, is fully made out without regard to block 231, and that the failure to prove ownership or possession of that block is quite unimportant.

What has been said disposes of all the points urged by appellant's counsel, and the decree must be affirmed with costs.

CAMPBELL, C. J. and COOLEY, J. concurred. MARSTON, J. did not sit in this case.