## NOBLE BRADY v. THE DETROIT STEEL & SPRING COMPANY.

*Nuisance—Discharge of fuel oil into public sewer.*

1. The percolation of deleterious matter, from the premises of the party who suffers it, through the soil, upon the lands of an adjacent owner, to the injury of the latter, is an actionable nuisance.
2. Defendant kept upon its premises, for use, fuel oil. Plaintiff operated a bakery 500 feet distant, and sues for damages occasioned to his business by the leakage of the oil upon defendant's premises, its flow through the soil into a common sewer, the escape of the gases through a manhole in the immediate vicinity of the bakery, affecting the atmosphere in

the neighborhood, and through the sewer connections into and
upon plaintiff's premises, injuring the products manufactured
by him.   The city ordinance prohibited the deposit of any
refuse, drippings, or nauseous liquid or other substance from
distributing pipes or gas conductors into any sewer.   And it
is held that, in view of the ordinance, it cannot be said that
the sewer was constructed by the city to carry away the oil,
or that such a use was invited, or was even permissive; that
the nuisance which the ordinance aims to prevent does not
depend upon the intent of the party causing it, and the fact
that the deposit of the oil was negligent, or even accidental,
did not make such use of the sewer lawful.

Error to Wayne.    (Reilly, J.)    Argued April 27, 1894.
Decided October 16, 1894.

Case.   Defendant brings error.   Affirmed.   The facts are
stated in the opinion.

*Wells, Angell, Boynton & McMillan,* for appellant.
*William Stacey,* for plaintiff.

McGRATH, C. J.   Defendant kept upon its premises, for
use, fuel oil.    Plaintiff operated a bakery some 500 feet
distant, and sues for damages occasioned to his business
by the leakage of the oil upon defendant's premises, its
flow through the soil into a common sewer, the escape of
the gases through a manhole in the immediate vicinity
of plaintiff's bakery, affecting the atmosphere in the neigh-
borhood, and through the sewer connections into and upon
plaintiff's premises, injuring the products manufactured by
plaintiff.    The proofs clearly tended to show the presence
of the fuel · oil gases in the bread and other products of
plaintiff's bakery, and the origin of the gases was traced
through the sewer to the leakage upon defendant's premi-
ses, and the leakage was not denied.
' The defendant contends that it is not liable to the
plaintiff for the consequences of the accidental escape of
the crude oil into the public sewer.

"1. That, unless prohibited by statute or ordinance, the discharge of noxious substances into public sewers is not unlawful.

"2. That no liability can arise out of the general duty of the defendant to so use its own property as not to do harm to others, for the reason that the communication between defendant's premises and plaintiff's premises was established by public authority, and became an independent acting agent, so that the injury was not the proximate result of defendant's acts or omissions."

The city ordinance on the subject is as follows:

"No distiller, dyer, machinist, manufacturer, or other person shall, himself or by another, discharge out of or from any stillhouse, dyehouse, workshop, factory, machine shop, dwelling-house, kitchen, or other building, any foul or nauseous liquid, water, or other substance into or upon any highway, street, lane, alley, public space or square, or into any adjacent lot or ground, or deposit or allow to be deposited any refuse, drippings, or nauseous liquid or other substance from distributing pipes or gas conductors into any sewer, receiving basin, gutter, or other place within the city, or force or discharge into any public or private sewer or drain any steam, vapor, or gas.

"No person or persons shall permit on his, her, or their premises within the boundaries of said city, or within one-half mile therefrom, of which he or she or they may be the occupant or occupants, agent or agents, having charge thereof, a soap or candle factory, or the exercise of any other unwholesome or offensive trade or calling, or suffer any building, sewer, or other thing whatsoever to remain on said premises until, in any manner, the same shall become offensive, hurtful, dangerous, or unwholesome to the neighborhood or travelers."

Whether the defendant would or would not be liable under this ordinance is not material. In view of the by-law, it cannot be said that the sewer was constructed by the city to carry away this substance, or that such a use was invited, or was even permissive. The nuisance which the ordinance aims to prevent does not depend upon the intent of the party causing it. The fact that the deposit was negligent, or even accidental, did not make the use of the

sewer as a conduit lawful. It is well settled that the per-colation of deleterious matter, from the premises of the party who suffers it, through the soil, upon the lands of an adjacent owner, to the injury of the latter, is an action-able nuisance. *Upjohn v. Board of Health,* 46 Mich. 542; Wood, Nuis. (3d ed.) § 115; *Kinnaird v. Oil Co.,* 89 Ky. 468; *Hauck v. Pipe-Line Co.,* 153 Penn. St. 366. In the Upjohn case the township had extended a burial ground. The use was a necessary public use, and the exclusion of the corrupting influences was impracticable, but the general rule was recognized. Mr. Justice COOLEY in that case says:

"The liability does not depend upon negligence, but the reasonable precaution which the law requires is effectually to exclude the filth from the neighbor's land. *Ball v. Nye,* 99 Mass. 582; *Hodgkinson v. Ennor,* 4 Best & S. 229. But all the cases in which this doctrine has been applied were cases in which, consistent with the proper use of the prem-ises, the exclusion was practicable."

See, also, *Cahill v. Eastman,* 18 Minn. 324.

In the present case it is not the contamination of water veins that is complained of, but the percolation through the soil, into the sewer, of a foreign fluid, the gases from which are pernicious, and the retention of which is prac-ticable. The sewer must be regarded as a condition, rather than as a cause,—as much so as are the ordinary prevail-ing winds or currents of air, by means of which noxious odors are carried.

The judgment is affirmed.

The other Justices concurred.