FORBES *v.* CITY OF DETROIT.

FREUD *v.* FORBES.

1. NUISANCES—ENCROACHMENT ON STREET—ABATEMENT—SUIT BY PRIVATE PERSON.

Show cases and bays, extending along the whole front of a building and upwards of two feet into the street, constitute a nuisance which an adjoining owner specially injured may maintain suit to abate.

2. LICENSES—OCCUPANCY OF STREET—REVOCATION.

Where a city council gives an abutting owner permission to occupy a portion of the street by show cases and bays, expressly reserving the right to remove them at any time, the revocation of the license will not be enjoined though the owner will sustain considerable loss thereby without fault on his part.

Appeal from Wayne; Brooke, J. Submitted February 10, 1905. (Docket Nos. 141, 142.) Decided March 7, 1905.

Bill by Jeannette Fisher Forbes against the city of Detroit and D. W. H. Moreland, commissioner of public works, to restrain the revocation of a building license. From a decree dismissing the bill, complainant appeals. Affirmed.

Bill by Leopold Freud against Jeannette Fisher Forbes

to abate a nuisance. From a decree for complainant, defendant appeals. Affirmed.

*Ransom G. George* (*C. D. Joslyn*, of counsel), for appellant.

*Keena, Lightner & Oxtoby*, for complainant Freud.

*Timothy E. Tarsney* (*John W. McGrath*, of counsel), for defendant city.

HOOKER, J. Mrs. Forbes was for many years the owner of a triangular lot situate at the junction of Lafayette and Michigan avenues, in the city of Detroit. Upon this lot was a building the walls of which were built upon the street line. This building did not extend to the point of the triangle, but the space not occupied by the building was covered by stone steps, which extended beyond the lot limits at all points. There were also areas under the sidewalks of both streets with steps downward, outside the building, and in one place the walk was raised several inches, to accommodate a steam boiler in the area used for heating the building.

Mrs. Forbes, having a chance to rent, provided she would make improvements to the building, including show cases or bay windows to extend over the sidewalks, asked the council for the privilege, and procured a consent, best shown by the records of the council. At this time there were some show cases in the street at the Majestic Building. The subject of Mrs. Forbes' application was referred to a committee, and the following report was made, viz.:

"To THE HONORABLE THE COMMON COUNCIL.

"*Gentlemen:* Your committee on streets, to whom was referred the resolution presented by Ald. Joy, granting permission to Edwin B. Forbes to construct permanent show cases and bays on both sides of the Dime Savings Bank Building, respectfully reports that we have carefully considered same, and find that said resolution provides for the construction of permanent show cases, to which your committee is unanimously opposed. We understand since the resolution was presented that it is the object of the owners of the building to take away the big

stone stairway in front of the main entrance, as well as the small stone steps on Lafayette and Michigan avenues; also to close up the passageways and areas that are now built along each side of the building, if they are given permission to construct show cases and bays on the Lafayette and Michigan avenue sides of this building, the work to be done under the supervision of the department of works, and so forth, subject to removal at any time when directed by the common council. Your committee can see no objection to the granting of this request, as we believe it will be a vast improvement over the present appearances, and we therefore, offer the following resolution."

The resolution, which was adopted, is as follows:

"*Resolved*, that the department of public works be and is hereby authorized *to issue a permit to Edwin B. Forbes* to construct show cases and bays on both sides of the Dime Savings Bank Building, at the intersection of Lafayette and Michigan avenues: *Provided*, however, that said Forbes removes said areas and passageways on said building, and also removes the stone steps at the entrance thereof and those located on the Lafayette and Michigan avenue sides; and further *provided*, that said work shall be performed under the supervision of the department of public works and in accordance with the plans submitted to and approved by the department; and *provided, further*, that no rights in the public street shall be considered waived by this permission, which is granted expressly on the condition that said show cases and bays and all obstructions in connection therewith shall be removed at any time when so directed by the common council."

Mrs. Forbes claims that the consideration for the permission was the removal of all previously existing encroachments upon the street.

Mrs. Forbes proceeded to build bay windows on both fronts, extending into the streets two or three feet, and covering nearly the whole of the lower story, on both fronts. Before they were completed one of the aldermen called the attention of the council to the magnitude of the encroachment upon the streets, and the permanent character of the work that was being erected; whereupon the council by resolution revoked the permit theretofore

granted, and directed the board of public works to remove the obstruction to the streets, if not removed by Mrs. Forbes within 10 days. Notice of this action was served, whereupon she filed a bill to restrain such action, upon which a temporary injunction was issued against the city, and she proceeded with the construction of the windows. About the same time Leopold Freud, who occupied the adjoining building, filed a bill against Mrs. Forbes to abate an alleged nuisance, consisting of the windows which were near to his front door.

Upon the hearing of these causes, which we understand were heard together, the court dismissed Mrs. Forbes' bill against the city, and granted a decree as prayed in the bill of Freud. Mrs. Forbes has appealed both cases, and they have been heard together in this court.

We are of the opinion that the encroachment upon the street was a nuisance, which specially affected and injured Freud, thereby giving him the right to ask that it be abated.

The express terms of the license give the right to the city to terminate it at will, and although it would have been better for Mrs. Forbes had the council not granted it in the first place, thus preventing her from the loss that she will suffer by its revocation, that cannot deprive the city of its reserved right, even if its power to grant the privilege be unquestioned. The action of the council is perhaps subject to some criticism, for the failure to fully understand and limit the proposed improvement in the first instance; but there is no indication of bad faith, and it is commendable that action was taken as soon as the misunderstanding developed, instead of permitting more expense to be incurred. There is a manifest propriety in denying the privilege of encroachment upon streets. While Mrs. Forbes is a sufferer without apparent fault upon her part, we see no way of relieving her.

The decrees must be affirmed.

Carpenter, McAlvay, Grant, and Montgomery, JJ., concurred.