[No. 5877.   Decided December 21, 1905.]

JOHN GRANTHAM, *Respondent*, v. A. S. GIBSON *et al.*,
*Appellants.*[1]

NUISANCE — ABATEMENT — INJUNCTION—PLEADING—ALLEGATION OF
DAMAGES. A complaint for the abatement of a nuisance by the main-
tenance of a shooting gallery and musical instruments sufficiently
alleges substantial damages without stating any amount, where it
appears that patrons of the plaintiff's rooming house have been
driven away by the nuisance which, if not abated, will destroy the
plaintiff's business.

SAME—INJURY TO BUSINESS—ACTION BY TENANT. An action to
abate a nuisance can be maintained by the owner of a leasehold
interest, where the injury done does not affect the freehold but
works an injury to the business of the lessee, and where the com-
plaint shows that the plaintiff has no adequate remedy at law.

APPEAL—REVIEW—OBJECTIONS NOT URGED BELOW. Upon appeal
from a temporary injunction restraining the operation of a shoot-
ing gallery and certain musical instruments, it cannot be claimed
that the injunction unnecessarily restrains the operation at all times
of the day, where no request was made below to limit the injunction
to certain parts of the day.

NUISANCE—ABATEMENT—TEMPORARY INJUNCTION—SUFFICIENCY OF
SHOWING. The evidence sufficiently shows that the operation of a
shooting gallery and musical instruments in the lower story of a
building was specially injurious to the plaintiff, a tenant who used
the upper stories as a hotel and rooming house, and amounted to a
nuisance warranting a temporary injunction, where it appears that
the operation of the defendants' business drove away the patrons of
the plaintiff and kept him from obtaining others.

Appeal from an order of the superior court for Pierce
county, Huston, J., entered April 28, 1905, in favor of the
plaintiff, after a hearing on the merits, granting a tempo-
rary injunction to abate a nuisance.   Affirmed.

*Williamson & Williamson* and *J. W. A. Nichols,* for ap-
pellants.

*Harry H. Johnston,* for respondent.

1Reported in 83 Pac. 14.

FULLERTON, J.—The respondent brought this action against the appellants to enjoin them from operating, in connection with their business, a shooting gallery and two certain musical instruments known respectively as a "tonophone" and an "orchestrion," alleging that their operation constituted a public nuisance specially injurious to himself. At the commencement of his action, the respondent applied for a temporary injunction restraining the appellants from operating the shooting gallery and the musical instruments until the rights of the parties could be determined by a trial upon the merits. Notice of the application was duly given and a hearing was had thereon, at which hearing the court granted the temporary injunction applied for. This appeal is from that order.

The appellants first attack the sufficiency of the complaint. It is contended that because the respondent neither alleged that he had suffered damages in any specific sum, nor demanded judgment for damages in any specific sum, in his complaint, the same is fatally defective, and insufficient to support a judgment or order of any kind. But we think the complaint sufficient to sustain an order for a temporary injunction. Aside from the fact that an injunction may be sued out to restrain the erection or creation of a merely threatened nuisance, there is in this complaint an allegation of substantial injuries, as well as a showing that the continuance of the acts complained of will work serious and irreparable injury to the respondent's business. It is alleged that the appellants and respondent are tenants in the same building; that the appellants exhibit pictorial views, enlarged and made attractive by electrical devices; that the respondent conducts a hotel and lodging house, and was first in the order of time, that the installation of these musical instruments and the shooting gallery by the appellants have already driven away some fourteen of his patrons, and will, if not abated, drive away the remainder and prevent him from obtaining others, to the ruin of his theretofore profit-

able business.   These allegations, we think, show not only substantial damages already suffered, but that the respondent will continue to suffer substantial damages so long as these mechanisms are operated by the appellants.

It is next said that because the respondent has only a leasehold interest in the property his remedy lies in an action of damages for the wrongs done him, as no one but the owner of the fee can maintain a suit to enjoin the continuance of a nuisance.   Were the nuisance complained of merely an injury to the freehold, it may be that this contention could be maintained, but here the nuisance alleged is one that works an injury to the business of the lessee, not an injury to the freehold, and his right to maintain an injunction must be determined by the character of the injury done him, and the effectiveness of his remedies at law, not upon the title by which he holds the property in which he conducts the businesss injured.   The allegations of the complaint show that an action of damages would afford inadequate relief, and this is the measure of the complainant's right to maintain an action of injunction.

It is next complained that the injunction is too sweeping, in that it enjoins the appellants from operating the shooting gallery and musical instruments at all times, while it does not appear that the operation in certain parts of the day would seriously interfere with the respondent's business.   But this question seems not to have been suggested in the trial court.   There the contest was over the right of the respondent to an injunction at all, and the court was not asked to limit the operation of the injunction to certain parts of the day.   For the reason that it was not suggested below, it will not be determined here.

Lastly, the appellants contend that the evidence was insufficient to justify the order.   On this question we think there can be but little doubt.   Manifestly the operation of the contrivances complained of at the place where the appellants operated them constituted a nuisance specially in-

jurious to the respondent. He was therefore entitled to have their operation enjoined, and the court did not err in so holding.

The order appealed from is affirmed.

MOUNT, C. J., HADLEY, RUDKIN, CROW, ROOT, and DUN-BAR, JJ., concur.