### McCORMICK v. WEAVER.

1. NUISANCE — WHAT CONSTITUTES — OBSTRUCTION IN STREET —
QUESTION OF FACT.

Whether an obstruction of a public street constitutes a nui-
sance presents a question of fact and not of law.

2. MUNICIPAL CORPORATIONS — SAGINAW CHARTER — POWERS OF
COUNCIL — OBSTRUCTION OF STREETS.

The charter and ordinances of the city of Saginaw do not em-
power the council to authorize the obstruction of a business
street by a permanent outside stairway occupying a portion
of the sidewalk needed for pedestrians.

3. NUISANCE — OUTSIDE STAIRWAY.

The erection of a permanent outside stairway in one of the
main business thoroughfares of a city, that will occupy a por-
tion of the sidewalk needed on certain days for foot passen-
gers, constitutes a nuisance.

4. SAME — ENCROACHMENT ON STREET — INJUNCTION — SUIT BY PRI-
VATE PERSON.

It being a necessary consequence of the building of an out-
side stairway constituting a nuisance that it will obstruct the
view of an adjoining building, the owner of such building is
entitled to maintain suit to enjoin its construction.

Appeal from Saginaw; Beach, J. Submitted Febru-
ary 14, 1906. (Docket No. 168.) Decided April 30,
1906.

Bill by Edward W. McCormick and others against Nancy M. Weaver and others to restrain the erection of an obstruction in a public street. From a decree dismissing the bill, complainants appeal. Reversed, and decree entered for complainants.

*John F. O'Keefe*, for complainants.

*Eugene Wilber*, for defendants.

BLAIR, J.   Complainants are the owners of a five-story brick office building in the heart of the business center of the city of Saginaw. The defendants are the owners of a three-story office building upon an adjacent lot. Both buildings are substantially flush with the west line of Franklin street. This street extends north and south, and is one of the main thoroughfares of the city. It was dedicated to the public in 1850, and has been used as a public highway for upwards of 40 years. The street is paved and has cement sidewalks in front of these buildings. The Weaver building has a frontage on Franklin street of 80 feet. The McCormick building has a frontage on Franklin street of 42 feet. The McCormick building is equipped with an elevator, and the offices are rented principally to dressmakers who have a large patronage. On an average, upwards of 300 people daily pass to and from this building. The entrance to the building is on Franklin street. The defendants intend to construct an iron stairway 3 feet wide on the outside of the Weaver building on Franklin street appurtenant to the building, to extend one story high, 15 or 18 feet, on and over the west side of said street. The south wall of the Weaver building is adjacent to the north wall of the McCormick building. The stairway, if built, will occupy 3 feet in width of the west sidewalk of said street.

The complainants filed a bill in the circuit court for the county of Saginaw, in chancery, alleging that the construction of such a stairway at this place would be a private nuisance, and asked the court to restrain the defend-

ants from erecting the stairway over the street as contemplated. Testimony was taken in open court, and the circuit judge dismissed their bill, holding that the defendants were authorized by the common council of the city of Saginaw to erect this stairway. The complainants have appealed from the decree entered by the circuit judge, and claim:

1. That the common council had no power to authorize a permanent encroachment upon this street.

2. That the erection of the proposed stairway would constitute a nuisance.

3. That the complainants have such a special interest in the subject-matter that they may maintain this suit.

The important question for consideration in this case is whether the erection of the proposed stairway would constitute a nuisance. If this question must be answered in the affirmative, the case, in our opinion, is ruled by *Freud* v. *Forbes*, 139 Mich. 280. As early as 1849 it was held by this court that whether an obstruction of a public street constituted a nuisance presented a question of fact, and not of law, and from that day to this that doctrine has never been questioned, but has frequently been cited with approval. *People* v. *Carpenter*, 1 Mich. 273.

In *Everett* v. *City of Marquette*, 53 Mich. 450, it is said:

"But it is not necessary in this case to determine whether the permission given by the village council was in due form for the purposes of a permanent appropriation, or even whether the council had the power to consent to such an appropriation. It is undoubted that the council had general control of the streets under the village charter; and it was a part of its duty to prevent the creation of any public nuisance within them. It is not to be assumed that consent would have been given to such a nuisance, and when, by formal resolution, the council assumed to give permission to complainant to make the openings and build the stairways complained of, it must have been done in the belief that no public inconvenience would follow. If the permission was effectual for no other purpose, it at least rebutted any presumption which might

otherwise have existed that this partial appropriation of the street was per se a nuisance."

The trial judge based his decree dismissing the bill of complaint upon his conclusion that as a matter of law the city of Saginaw had authority under its charter and ordinances to grant permission to defendants to obstruct the public street by the stairway. He does not otherwise express any opinion upon the facts.

The provisions relied upon by the circuit judge are as follows:

"Title 6, § 1, of the charter (Act No. 465, Local Acts 1897) of the city of Saginaw, provides:

" 'The common council of the city of Saginaw shall have full power to lay out, open, widen, alter, close, fill in or grade and vacate or abolish any highway, streets, avenues, lanes, alleys, pub-lic grounds or spaces in said city.'

"Section 5, p. 203, of the compiled ordinances of the city of Saginaw, among other things, provides:

" 'No person shall erect or maintain any sign, show-case or stand which shall extend more than three feet from the building into or over any street or sidewalk.'

"Section 20 of said ordinances also provides:

" 'No person shall erect any balustrade or balcony to extend beyond the line of any street less than twelve feet from the ground without permission from the common council, and in the event of permission being granted, iron braces and railing shall be used in the construction of any such balustrade or balcony, and the same shall not project beyond the line of the street more than three feet.' "

Counsel for defendants cites, in addition, section 8, tit. 3, of the charter, which provides:

"The common council, in addition to the powers and duties specially conferred upon them in this act, shall have the management and control of the finances, rights, and interests of all property, real and personal, belonging to the city, and make such orders and by-laws relating to the same as they shall deem proper and necessary."

The temporary or permanent character of the obstruc-

tion must necessarily have an important influence in determining whether it was a nuisance or whether the common council had authority to permit it. It satisfactorily appears from the evidence that the improvement contemplated was a permanent one, for the benefit of the People's Savings Bank, one of defendants' tenants. The existing inside stairway was to be taken out and replaced with this outside stairway, which would furnish the only means of access to the upper stories. In our opinion the sections cited from the charter and ordinances do not empower the council to authorize such an obstruction to the street. On the contrary, we think it is expressly prohibited by the provisions of section 8, tit. 17, of the city charter (Act No. 465, Local Acts 1897), which reads:

"The common council shall not grant * * * exclusive privileges to the use of the streets or public grounds of said city."

*Taylor* v. *Railway Co.*, 80 Mich. 77; *Horner* v. *City of Eaton Rapids*, 122 Mich. 117; *Detroit Citizens' St.-Ry. Co.* v. *City of Detroit*, 110 Mich. 384, 388 (35 L. R. A. 859); *Freud* v. *Forbes*, supra.

Since the stairway in question has not been erected, its effect can only be determined by inference from other facts and circumstances. The great weight of authority holds that a permanent obstruction like the one in question is a nuisance per se, and under our own rule we do not think it necessary to go further than to show the permanent character of the obstruction, the width of the street and sidewalk, the character of the locality, whether business or residence, the extent of the business or traffic, the amount of travel, and the effect of similar obstructions under similar circumstances.

It appears from the record that Franklin street is one of the main business thoroughfares of the city, and that at times the portion of the street in question is much traveled; that on Saturday nights and circus days and other public occasions the entire width of the sidewalk is likely to be

required for foot travelers; that, unless prevented, idle people will be likely to congregate about the stairway, expectorate upon the walk, and be offensive to passersby, and particularly to ladies; that numerous complaints have been made to the police force of such stairways; and that it is difficult to enforce observance of the ordinances and prevent obstructing and expectorating upon the walks.

We think that the erection of the stairway, in view of the facts and circumstances disclosed by this record, would be a nuisance. It is a necessary consequence of the erection of the stairway that it will obstruct the view of complainants' building, and complainants are entitled to complain thereof under the rule laid down in *Freud* v. *Forbes*, supra.

The decree is reversed, with costs of both courts to complainants, and a decree may be entered in accordance with this opinion.

McAlvay, Grant, Montgomery, and Moore, JJ., concurred.