DETROIT REALTY CO. v. BARNETT.

1. APPEAL AND ERROR—CHANCERY APPEALS—TRIAL DE NOVO.
   Where, on appeal from an order dismissing a bill for the abatement of a nuisance, it appeared that such order was entered at the close of complainants' evidence on the grounds that the court was without jurisdiction, and that the testimony was "wholly insufficient to sustain the relief prayed for, even though the court did have jurisdiction," the cause being heard de novo in the appellate court, and complainants not asking, and defendants, by not appealing, not being entitled to ask, that the cause be remanded for further testimony, the court will consider the questions raised by the record as presented.

2. NUISANCES — ABATEMENT—EQUITY — CRIMINAL LAW — INJUNCTION.
   Equity has jurisdiction to abate a saloon if a private nuisance, although the nuisance is also a breach of the criminal law; and complainants, being owners and occupants of adjoining property, are affected in a manner different from that experienced by the general public so that they are entitled to the relief prayed for.
   156 MICH.— 25.

Appeal from Wayne; Donovan, J.  Submitted February 15, 1909.  (Docket No. 112.)  Decided April 24, 1909.

Bill by the Detroit Realty Company and others against Edward Barnett and David Oppenheim to abate a nuisance.  From a decree dismissing the bill, complainants appeal.  Reversed, and decree entered for complainants.

*James H. Pound,* for complainants.

*Guy A. Miller,* for defendant Barnett.

The complainants are owners of residences in the city of Detroit; said property being upon the same street with, and in close proximity to, the saloon and dance hall complained of in this case.  Defendant Oppenheim is the owner, and defendant Barnett is the lessee and occupant, of the premises used for the saloon and dance hall.  The bill is filed for the purpose of obtaining an abatement of a private nuisance, and, if its allegations are true, defendant Barnett has for a long period maintained an unlawful, indecent, and vile place upon the premises with the knowledge and sanction of his codefendant.  The complainants introduced the oral testimony of several witnesses, which fully proved the allegations of the bill, when their counsel was asked by the learned circuit judge if the rest of his testimony was not cumulative, and he replied that it was with the exception of that of two witnesses whom he then called, and they were allowed to testify. The court then asked if it was conceded that Barnett was doing business under a license, and, the concession not being made by complainants' counsel, the court said to Mr. Barnett: "You can rise and say that."  Barnett then said:

"I can get the license and bring it in five minutes.
"*Mr. Pound:* You do not need to do that.
"*The Court:* You are under the regular full license ?
"*Mr. Barnett:* Under the $500 license for liquor and

beer, and also the United States government license, and I also have a license in the restaurant."

Thereupon the court dismissed the bill upon the ground that he had not jurisdiction, and upon the further ground that "the testimony is wholly insufficient to sustain the relief prayed for, even though the court did have jurisdiction." We think it unnecessary to refer in greater detail to the opinion filed in disposing of this case. The complainants have appealed. The defendants did not ask that they be permitted to introduce testimony by way of defense, or raise any objection to the course taken by the trial judge.

HOOKER, J. (*after stating the facts*).  Upon this record we must treat the case as one to be heard de novo. The complainants do not ask, and defendants have not saved their right to ask, that the case be remanded for further testimony, notwithstanding the fact that the court said during the discussion:

"*The Court:* The question in this case is where a man is under license by the Government and by the State he stands upon another footing from one who erects a boiler shop or a machine shop or commits a nuisance that way; and the question here is: Can the Wayne circuit court restrain the commission of a crime? Like the closing of a saloon or correcting saloons, the regulation of conduct or the disorderly conduct of the saloon business, can they do that in the Wayne circuit court? Where we are fenced off from the city of Detroit, and.where while we have the entire civil jurisdiction over the city, we have not the criminal jurisdiction over the city whatever. Now, the defendant Barnett keeps a saloon and a restaurant under the State and United States licenses. He is under the State control. He has paid for his keeping the saloon open, and by the statutes of the State which you made, making him pay that license, and his hours are limited and his duties are clearly defined. He has exceeded the limits and complainants' rights. If they have rights, as the full bench have decided here practically when they were together, to secure the orderly conduct of the business is also clearly provided and defined by stat-

ute; that is, in Detroit the law fixes the hours of opening, the wrongful sale for intoxicating purposes and to minors, or on Sundays, and the control of the saloon business in Detroit is given over to the recorder's and the police courts, and, the question not all being a new one to me and being before the Supreme Court in three ways, this being the fourth way, I do not feel I ought to enter into the broad sea of controlling the liquor business, and therefore shall decline to interfere with this until I hear from the Supreme Court, shall decline to hear a defense because I hold I am not vested with jurisdiction."

Considerable testimony was introduced after that, including the dialogue between the circuit judge and Mr. Barnett, and he then filed the opinion called in the record the "second opinion," which shows that he disposed of the case upon the merits, as well as upon the ground that there was no jurisdiction in the circuit court to grant relief. We have read the testimony, and unhesitatingly say that a more obvious case of private nuisance has not been presented to this court within the recollection of the oldest member, and none has been more clearly proved. We must also confess our ignorance of authorities which would justify the court in his conclusion that, while there is a 'jurisdiction in a court of equity to abate a private nuisance, ordinarily it has not jurisdiction if it is so much of a nuisance as to make criminals of those who maintain it. We find such authority neither in the brief of counsel nor in the opinion of the court, and the proposition is so at variance with the settled law that we are not surprised at its absence.

Equity has jurisdiction to abate a saloon if a private nuisance, although the nuisance is also a breach of the criminal law. See *State* v. *Collins,* 74 Vt. 43; *State, ex rel. Thorndike,* v. *Collins,* 68 N. H. 299; Joyce on Nuisances, §§ 365, 366, 422, et seq.; *Beck* v. *Protective Union,* 118 Mich. 497 (42 L. R. A. 407); 10 Current Law, p. 1042; *People* v. *Board of State Auditors,* 42 Mich. 422. That this nuisance is one which affects the rights of these complainants in a manner different from that ex-

perienced by the public in general is in our opinion obvious. We think it unnecessary to spread upon this record the obscene details of the evidence on which we base our conclusion. See *Forbes* v. *City of Detroit*, 139 Mich. 280; *McCormick* v. *Weaver*, 144 Mich. 6; *Robinson* v. *Baugh*, 31 Mich. 290; *People* v. *White Lead Works*, 82 Mich. 471 (9 L. R. A. 722); *Brady* v. *Spring Co.*, 102 Mich. 277 (26 L. R. A. 175); *Skelton* v. *Power Co.*, 100 Mich. 87; *Edwards* v. *Mining Co.*, 38 Mich. 46; *Pratt* v. *Lewis*, 39 Mich. 7; *McMorran* v. *Fitzgerald*, 106 Mich. 652; *Treat* v. *Bates*, 27 Mich. 390; *Townsend* v. *Light Co.*, 105 Va. 22 (4 L. R. A. [N. S.] 87, 8 Am. & Eng. Ann. Cas. 567, note); *Fisher* v. *Railway Co.*, 102 Va. 363 (1 Am. & Eng. Ann. Cas. 625); *Rushmer* v. *Polsue*, 4 Am. & Eng. Ann. Cas. 378 (L. R. [1906] 1 Ch. Div. 234), note; *Ingersoll* v. *Rousseau*, 35 Wash. 92 (1 Am. & Eng. Ann. Cas. 35, 38). Many more authorities in point will be found cited in complainants' brief.

The decree dismissing the bill is reversed, and it is adjudged that said saloon, café, and dance hall as heretofore maintained by said Barnett are a nuisance, and that he abate said nuisance, and that he be perpetually enjoined from hereafter conducting or maintaining the same or any similar place upon the premises, and that defendant Oppenheim be restrained and enjoined from renting or leasing said premises for such purpose. A decree will be entered in this court awarding costs of both courts to the complainants against both defendants and remanding the cause, with directions to the circuit court for the county of Wayne to enter a decree in conformity with this opinion.

OSTRANDER, MOORE, McALVAY, and BROOKE, JJ., concurred.