## MIDDLE DIVISION.

---

## NASHVILLE, DECEMBER TERM, 1916.

---

### T. A. Fox *v.* C. L. Corbitt *et al.*

#### (*Nashville.* December Term, 1916.)

1. **NUISANCE. Private nuisance. Abatement.**
   A saloon where large crowds of drunken negroes are allowed to assemble and engage in foul talking and indecent exposure, obstructng passage to plaintff's store next door, where such conduct can be seen and heard by customers in store, is a private nuisance abatable by a court of equity as such. (*Post, pp.* 463, 464.)

2. **NUISANCE. Private nuisance which is a crime. Abatement.**
   Although maintaining a nuisance is a crime, it will be restrained as a private nuisance if complainant can show that he suffers substantial damage different in kind from that suffered by the public at large. (*Post, pp.* 464, 465.)

   Cases cited and approved: Weakley v. Page, 102 Tenn., 178; Detroit Realty Co. v. Oppenheim, 156 Mich., 385.

3. **NUISANCE. Private nuisance. Defense. Discontinuance pending suit.**
   If, after suit is brought and jurisdiction of a court of equity has attached, the defendant ceases to commit the nuisance, the court

466

Fox v. Corbitt.

may still establish the right to an injunction in order that subsidiary rights may be enforced. (*Post, p.* 465.)

4. **LANDLORD AND TENANT.** Private nuisance. Owner of leasehold.

The owner of a leasehold may maintain an action to enjoin the maintenance of a nuisance detrimental to enjoyment or usable value of premises. (*Post, pp.* 465, 466.)

Cases cited and approved: Grantham v. Gibson, 41 Wash., 125; Brink v. Moèschl, Edwards Corrugating Co., 142 Ky., 88; Miller v. Edson, etc., Co., 184 N. Y., 17; Central R. Co. v. English, 73 Ga., 366; Bly v. Edison, etc., Co. 172 N. Y. 1.

5. **NUISANCE.** Temporary nuisance. Damages in equity.

Although a nuisance is temporary and abatable in character a court of equity will, to avoid a multiplicity of suits, award damages accruing after commencement of suit up to time of trial. (*Post, pp.* 466, 467.)

Cases cited and approved: Harmon v. Railroad, 87 Tenn., 614; Karns v. Allen, 135 Wis., 48.

6. **LANDLORD AND TENANT.** Private nuisance. Measure of damages to leasehold.

The true measure of damages for injury to leasehold premises from a nuisance is the depreciation in usable value of premises, and an allowance for loss of profits in the business conducted thereon is error. (*Post, p.* 467.)

Case cited and approved: Gossett v. Railroad, 115 Tenn., 376.

7. **LANDLORD AND TENANT.** Damages from nuisance. Evidence. Past productiveness of business.

Proof of nature and extent of business interfered with and its past productiveness is proper for purpose of assisting court in awarding damages for diminution in usable value of a leasehold from a nuisance. (*Post, p.* 468.)

FROM DAVIDSON.

Appeal from the Chancery Court of Davidson County.—Jas. B. Newman, Chancellor.

LARKIN E. CROUCH, for appellant.

ROBIN J. COOPER, for defendant.

MR. JUSTICE WILLIAMS delivered the opinion of the Court.

The bill of complaint was filed by Fox to have a saloon, operated by defendants next door to his place of business as a family grocer in the city of Nashville, declared a nuisance and abated as such, and for the recovery of damages due to loss of business on his part.

It appears that the saloon was operated by defendants after the passage of a statute that made it a misdemeanor to sell intoxicating liquors; but the effort of complainant is to show that the saloon was run in such an objectionable way as that it was a nuisance specially injurious to him.

The proof clearly shows that the place was, as operated by defendants, in every sense of the word a "negro dive." Large crowds of negroes of low order were permitted to assemble in and about the saloon. Frequently they would block the sidewalk, obstructing pedestrian travel to the family grocery and meat store of complainant. The negroes were often drunk, boisterous, and quarrelsome. Not infrequently they would engage in fights on the sidewalk; and at times there occurred unmentionable indecencies and exposures of their persons. Inside the place negroes were permitted to assemble in mass and engage in loud and foul

talking and shouting, which was heard by customers of Fox through the thin partition that separated the two business stands.    Customers of complainant, especially women, complained of the above-described conduct, and his trade fell off.    After protesting in vain to the defendants, Fox brought this suit.    Before the trial of the case defendants discontinued business at that place.    The chancellor on final hearing held that the saloon business thus conducted was a nuisance, and made permanent an injunction against defendants.    He also awarded complainant two thousand dollars as damages.    From that decree the defendants have prayed an appeal to this court, and assigned the errors indicated by what is said in the discussion which follows.

We think it clear that the saloon as conducted by defendants was a nuisance, abatable by a court of equity as such.

The fact that the saloon was operated in violation of a criminal statute cannot be availed of by the defendants, since the general rule, as asserted by the great majority of the cases, is that a court of equity will protect property rights against a nuisance, even though the act restrained may be criminal in nature, and be one subject to be suppressed by the State, if the complainant is able to show that he suffers in consequence some substantial and special damage different in kind from that suffered by the public at large. *Weakley* v. *Page,* 102 Tenn., 178, 53 S. W., 551, 46 L. R. A., 552; *Detroit Realty Co.* v. *Oppenheim,* 156 Mich.,

385, 120 N. W., 804, 21 L. R. A. (N. S.), 585, and cases and texts cited in the opinion and note.

It is asserted to be error that on final hearing an injunction was granted, since the defendants had on an earlier date, pending the suit, voluntarily discontinued, and thereby abated, the nuisance. Notwithstanding such a voluntary discontinuance, the court may declare the right to an injunction in order to establish the jurisdictional right of complainant to maintain the suit in the court of equity. The practical questions thereafter are those involved in the adjudication of accrued costs and the award of damages. The true rule in that regard is thus laid down in 5 Pom. Eq. Juris. section 586:

"If, after suit is brought and the jurisdiction of a court in equity has attached, the defendant ceases to commit the nuisance, none the less the equity court will give the plaintiff damages and not turn him out of court and compel him to bring another action at law; and it is sometimes held that the injunction also will issue even in this case."

The majority of the decisions hold that an award of injunctive process in such event is not proper. It is, we think, sufficient to decree that the right to it was established in order that subsidiary rights may be enforced.

The principal proposition advanced by the defendants is, that a court of equity will not enjoin a nuisance at the instance of one who is merely the owner of a leasehold in realty, and there seems to be a slight con-

flict in the authorities on that point, though the decided weight of authority is against the insistence. The cases are collected in notes appended to *Grantham* v. *Gibson*, 41 Wash., 125, 83 Pac., 14, 3 L. R. A. (N. S.), 448, 111 Am. St. Rep., 1003, and *Brink* v. *Moeschl Edwards Corrugating Co.*, 142 Ky., 88, 133 S. W., 1147, 34 L. R. A. (N. S.), 560, 562.

It seems clear that the owner of the freehold is not entitled to recover for injuries to the possession and enjoyment of the premises while they are in the possession of a tenant, where the nuisance is not of a permanent character. *Miller* v. *Edson, etc., Co.*, 184 N. Y., 17, 76 N. E., 734, 3 L. R. A. (N. S.), 1060, 6 Ann. Cas., 146. The wrongful act may affect two different estates or interests in the same property; and the owner of each should have his right of action. The tenant's relief is for injury done him in that the enjoyment or usable value of the premises, during his holding, is diminished. Tiffany, Landlord and Tenant, 2124; 29 Cyc., 1258.

The fact that the tenant renews his lease of the property after the creation of the nuisance does not prevent his being granted such relief. *Central R. Co.* v. *English*, 73 Ga., 366; *Bly* v. *Edison, etc., Co.*, 172 N. Y., 1, 64 N. E., 745, 58 L. R. A., 500. If the contrary were held, the moral victory would be that of the wrongdoer over the one he had injured—a result that a court of equity will not contemplate.

It is contended that, the nuisance being one temporary and abatable in character, the wrong is therefore

one to be deemed recurrent or renewed from day to day, so that the complainant is entitled, it is said, to recover only the items of damages that accrued up to the bringing of the suit—citing *Harmon* v. *Railroad*, 87 Tenn., 614, 11 S. W., 703.

This rule is applicable in cases of nonpermanent nuisances in actions at law; but the rule is otherwise in equity where the principal relief sought is injunctive process. Equity moves to avoid a multiplicity of suits and favors the disposition of an entire controversy in a pending suit so far as is practicable; and in such a case there will be an award of damages, not only of those that accrued prior to the commencement of the suit, but of such as accrue up to the time of trial. 22 Cyc., 967; 29 Cyc., 1273; *Karns* v. *Allen,* 135 Wis., 48, 115 N. W., 357, 15 Ann. Cas., 543.

This brings us to a consideration of the defendants' assignments of error that attack the amount of the damages allowed the complainant.

It is apparent that there was incorporated in the sum decreed an allowance for loss of profits. In fact, complainant's solicitors attempt to justify and sustain the recovery on that basis. We think that the allowance for loss of profits in business consequent upon the maintenance of the nuisance was error.

The true measure of damages was the amount of loss suffered by complainant because of the lessening or depreciation of the usable value of the premises under demise. *Gossett* v. *Railroad,* 115 Tenn., 376, 89 S. W., 737, 1 L. R. A. (N. S.), 97, 112 Am. St. Rep., 846, and cases cited.

Fox v. Corbitt.

The nature and extent of the business interfered with and its past productiveness were proper to be proved, not with a view to measure the damages by expected profits therefrom prevented by the nuisance, but to assist the court in the exercise of its judgment with reference to the awarding of damages for the diminution in the usable value of the property to the tenant in possession. 4 Sutherland, Damages, section 1054. Sufficient facts are disclosed by the record upon which to render a decree without remanding the cause for an ascertainment of damages on the proper basis; and we direct the entry of a decree in this court for eight hundred dollars, with interest thereon since the date of the chancellor's decree. Costs of the appeal will be paid one-third by the complainant, and two-thirds by the defendants.