Mr. Justice Merrick
delivered the opinion of the court.
In this case — McGill against the District of Columbia— there were substantially three points presented by the appellant. The first was, that under the existing laws touching the organization of the District of Columbia, there is no longer any liability on the part of the authorities for an accident happening by reason of any neglect of duty in the control, management, custody and care of the streets of the city. The court, after the decision in the case of Barnes vs. The District, 91 U. S., 540, does not think that that is *79 any longer an open question in this court, nor does it think that the modifications which have been made touching the administration of the city and touching the mode of collecting taxes, at all change the principle of liability established by that case.*
The second question in order, is the exception taken by the counsel to the charge of the court, in which it is supposed that the court took away peremptorily from the jury every question except the question of damages in the cause. A careful consideration of the charge will show that that is is not a proper construction of it, and even if it were it would be justified by the state of the record, inasmuch as it appears by the charge of the court incorporated in the bill of exceptions that the counsel for the defendant himself admitted before the jury that the question of damages was the only question before the jury, subject of course to the review of this court upon the law as laid down by the court below in the specific instructions previously given. But the law as there laid down was the law for that court at that time and for that jury. The counsel then, in that case, having admitted in open court, in the presence of the jury, as certified by the bill of exceptions containing the charge, that that was the only question before the jury, it does not seem to us competent for him in the face of that formal admission for the purposes of the cause, to take exception to the charge of the court for thus limiting the mind of the jury to that which he himself, as the representative of the defendant, admitted was the only subject-matter for their consideration.
Therefore the ruling of the court is consistent, in that view, upon the charge and upon that exception.
The main point in the case arises upon the prayers made by the defendant, to the effect that the place where the accident happened being an area in front of a house, and the immediate point of the accident being in front of the door of the basement to which that area led, that that part of the area was a privileged point in the area, and that’unless the *80 plaintiff showed to the jury that the fall occurred at some other point of the area than that in front of the door, the defendant was not liable. This court does not so understand the law of the case. The only building regulation which has been referred to is contained in the record and is in these words:
“Areas must be protected by iron or stone railing at least forty-two inches in height; and where they extend the entire width of any lot frontage, shall be protected by said railing, with openings or gates four feet wide."
There is nothing in that, and that is the only ordinance or building regulation on the subject, which grants, as a matter of right, that the party shall have in the area an opening directly at right angles to the walk and in front of the door. And it is well known, as a matter of fact, that in a large portion of the cases where areas are used in this city, the opening is not made immediately opposite to the door, but on the side, or in some other relative position towards the door.
Where an area is made, as this was, along the entire frontage of the lot, with a requirement that in such case it shall be protected by a railing, with openings or gates four feet wide, in the absence of a conformity to that regulation the whole area is an illegal area from beginning to end, and there is no right whatsoever for a party who has thus made an area which is illegal throughout its whole extent, to say that he had the privilege of exemption from liability for his violation of law because an accident may have happened in front of the door. There is no dedication, where an area is made to that extent, of any particular part of it for the uses of the building to which it is suppose to be subordinate. But, on the contrary, so far as the facts of this case disclose, here was an area eighteen feet' in length, the entire frontage of the building, with steps of equal length, thus inviting, and so far as the party himself could do, dedicating the entire extent of that area as an adit to that building, in violation of the law, and thus taking away from him any pretence that *81 he had specially dedicated, according to a supposed privilege, a particular part of the area as an , adit to that building. He is himself practically estopped from saying that, he had dedicated that particular portion in front, since he had made the whole stairway down that area equally the means of approach to the doorway of that house.
It is all important, whatever may be the hardship in the particular case, that the areas of this crowded city, becoming more and more crowded, which have been dedicated to the 'uses of the public, should not be subordinated to the particular objects of gain, pleasure pr otherwise of the occupant of a particular house. The rights of the individual are held in subjection to the rights of the public, and it is the duty of the court, however painful it may be in a particular instance, to hold Up the rules of law with a stern and unflinching hand in order that the rights of the public may not be violated Under any gradual encroachments created by the greed of those who happen to own property along the line of the highway. Individual interest is secondary always to the public right and the public good.
For these reasons, the court holds that this area being illegal throughout, an accident in any part of it is an accident for which the public authority is responsible ; and the judgment of the court below, being without error, must he affirmed.

See Clark vs. The District, 3 Mackey, 79.