## Brink, et al. v. Edwards Corrugating Co.

(Decided February 7, 1911.)

Appeal from Kenton Circuit Court.
(Common Law and Equity Division).

Real Property—Action for Injury to—Person in Possession has Right to Recovery.—One in possession of real property has a right to recover for an injury to his possession, and is entitled to maintain such action, although he does not show title from the Commonwealth, nor fifteen years, open, notorious, adverse possession.

F. J. HANLON for appellants.

WM. A. BYRNE for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Reversing.

Appellants, in their petition and amended petitions, asserted that they were owners and in possession of a certain described house and lot in Covington, Kentucky; that they became the owners thereof by deed of date, November, 1902; that afterwards, in 1908, appellee placed a large trip hammer in its manufacturing establishment at the rear of this house and lot and about seventy-five feet therefrom; that appellee, by the use of this trip hammer, caused the walls of his house to vibrate and crack; that the windows and doors of the house had been damaged so that they would not work properly; that their cistern walls had cracked and let the water leak out; that the dropping of the hammer caused the tableware in the house to shake and drop from its support. Appellants further alleged that the use of the hammer annoyed them at all times, and especially in sickness; that each of them had one or two spells of sickness; that Henry Brink had the rheumatism for several months and the use of the hammer gave him great pain, and had rendered their house almost unhabitable. Appellee answered denying all the allegations, except that of possession of the house.

Appellants' testimony sustained the allegations of the petition so far as the questions of damages were concerned, but at the conclusion of the testimony the court gave the jury a peremptory instruction to find in behalf of appellee because appellants had not connected their title with the Commonwealth nor shown fifteen years of continuous, adverse possession, claiming the property as their own. In other words, the court determined that appellants were not entitled to recover, although they showed that they had been in possession of the property since 1902. As we understand the law, the person in possession of real property has a right to recovery for an injury to his possession. It is true, he would not have a right to recover for an injury to the fee, unless he showed that he was the owner of the realty. See Deaton, et al. v. Burton, et al., decided February 1, 1911; Hall v. Deaton, et al., 24 Ky. Law Rep., 314, and Long v. L. & N. R. R. Co., 32 Ky. Law Rep., 774. In the last named case this court said:

"The plaintiffs produced on the trial the deed which had been made for the property. They did not show title from the Commonwealth and this was unnecessary. They were in possession; if the defendant had wrongfully polluted their spring they may recover such damages as they have sustained without showing a title to the land. The defendant set up no claim to the spring and the person in possession may recover for a trespass or tort against a wrongdoer without showing title."

Many other cases to the same effect might be cited, but the above cases make it plain that appellants were entitled to maintain their action, although they did not show title from the Commonwealth, nor fifteen years open, notorious, adverse possession.

For these reasons, the judgment of the lower court is reversed and remanded for further proceedings consistent herewith.