## STROUP, Gdn., v. BRITTAIN.

No. 14943—Opinion Filed Jan. 7, 1924.

**1. Appeal and Error—Time for Objections —Variance Between Pleading and Proof.**

It is a well-settled general rule that objection on the ground of variance between the pleadings and the proof must be properly raised in the trial court, generally when the proof is offered, so that the objection may be obviated by an amendment, and it cannot be raised for the first time on appeal.

**2. Brokers—Right to Commission—Finding Purchaser for Stock of Goods.**

In an action to recover a commission for procuring a purchaser of a stock of goods, the plaintiff alleges that the defendant came to him and said that he was compelled to sell his stock of goods on account of ill health, and told the plaintiff that if he would help him to find a purchaser he would pay him a commission, and plaintiff did find a purchaser to whom the defendant sold his stock of goods. Held, that the plaintiff was entitled to a reasonable commission for procuring a purchaser for the goods.

**3. Appeal and Error—Questions of Fact— Finality of Verdict—Right to Broker's Commission.**

Where plaintiff alleges and testifies that the defendant came to him and solicited him to find a purchaser for his stock of goods, and the defendant admits that he went to plaintiff and asked him if he could find him a purchaser for his stock of goods, and plaintiff testifies that he promised him a commission if he procured a purchaser, and defendant says that he did not promise a commission, this raises a question of fact

for the jury, and the finding of a jury on such question will not be disturbed in this court.

(Syllabus by Maxey, C.)

Commissioners' Opinion, Division No. 1.

Error from County Court, Creek County; Ben Braden, Judge.

Action by Wm. A. Brittain against Mrs. D. H. Stroup, guardian of D. H. Stroup, an incompetent. There was judgment for plaintiff, and defendant appeals. Affirmed.

J. H. N. Cobb and Thompson & Smith, for plaintiff in error.

Streeter Speakman, for defendant in error.

Opinion by MAXEY, C. The parties will be referred to as they appeared in the court below.

Wm. A. Brittain sued the defendant, Mrs. D. H. Stroup, guardian of D. H. Stroup, an incompetent, for a commission on the sale of a stock of goods and recovered judgment in the court below, through the verdict of a jury, for $150, and defendant appeals. There are only two questions argued in the brief of counsel for plaintiff in error, and may be stated as follows:

"First, that plaintiff below is not entitled to recover, because there is a variance between the proof and the petition; second, that the verdict of the jury is not supported by sufficient evidence."

We do not think the first proposition is well founded. Plaintiff alleged in his petition that Stroup promised to pay him a reasonable compensation to find a purchaser for his stock of goods, and it is admitted that it was through plaintiff that a purchaser was found who bought the stock of goods. The variance, if any, between the proof and the petition is not fatal, as there is no question from the proof that Brittain was the efficient cause of Stroup making a sale of the stock of goods, and is entitled to his commission. Stroup had been running a store in Sapulpa for several years and his health broke down, and he went to the plaintiff, Brittain, and said to the plaintiff: "My physical condition is such that I will have to dispose of my store," and asked Brittain if he knew anyone who he could sell to, and Brittain told him he had a nephew that had been in Sapulpa looking for a place, but failed to find one and had gone to his home in Missouri, and suggested to Stroup that he write him, and he thought he could make a deal with him. Stroup did write to Horne, the nephew of Brittain, and he came back to Sapulpa and Brittain went with him to the store and went through

it, and Horne and Stroup agreed on a deal, and Brittain went with Horne to the bank and got $500, which was put up with the contract of sale in escrow, the balance to be paid when invoice was taken and the exact amount determined. After the deal had progressed this far, Stroup was sent to the hospital, and some days thereafter his wife was appointed guardian of Stroup as an incompetent. After the invoice was taken and the amount was determined, Horne paid the balance of the purchase price and took charge of the stock of goods. Brittain then asked Mrs. Stroup, the guardian, about his commission, and she said: "I did not hire you to do anything and I am not going to pay you anything." She stated that the trade was made with her husband, and she had nothing to do with it. On the trial of the case, the plaintiff, Brittain, testified that Stroup same to his hotel and said his physical condition was such that he would have to dispose of his stock of goods and asked him if he knew anyone he could sell to. Brittain told him that he had a nephew who had been in Sapulpa looking for a place and gave Stroup his nephew's name, and Stroup wrote to him in Missouri, and Horne, the nephew of plaintiff, came back and Brittain went down to the store and went through the stock with his nephew and Stroup. He said that Stroup told him if he would help him find the purchaser for the stock of goods, that it would be a great relief to him and he would pay him for his trouble, and in another part of the conversation he said "if you will help me make a sale, I will pay you a commission on the deal." After Horne came down, Brittain went with him to the store and Horne and Stroup finally made a deal, and after the inventory was taken, Horne paid $5,100 for the stock of goods. In the meantime Stroup had been declared incompetent and his wife appointed guardian. Stroup testified to substantially the same conversation that Brittain testified to, but said there was no promise to pay Brittain a commission. He said he wrote the letter to Horne, and when he came down Brittain came with him to the store, and he succeeded in making a deal with him for the sale of the stock of goods, and that he also sold him a contract on a certain number of rooms that Stroup was running in connection with his business. Brittain claims nothing on the purchase price of the rooms, but claimed five per cent. on the stock of goods. Mrs. Stroup testified that she never saw Brittain in connection with the deal, that she saw him and Horne come in to the store, and knows that Horne paid $500 on the deal, and that she was afterwards appointed guardian of her husband, and that the deal between her husband and Brittain and Horne was made before she was appointed guardian, and she had nothing to do with the matter, and did not promise to pay any commission. The case was submitted to a jury under instructions as fair as the parties could ask. In fact, neither one excepted to the instructions of the court. There is so little variance, if there could be said to be any, between the proof and the petition, that we do not think the point well taken. But if there was a variance, the plaintiff in error did not raise the question of variance in the trial court, either when the evidence was offered or when the defendant below demurred to plaintiff's evidence. It was on other grounds, and the question of variance was not mentioned. Neither was it mentioned on defendant's motion for a peremptory instruction, nor in his motion for a new trial, and is raised for the first time in defendants' brief in this court. In 3 Corpus Juris, page 796, it is said:

"It is a well settled general rule that objection on the ground of variance between the pleadings and the proof must be properly raised in the trial court, generally when the proof is offered, so that the objection may be obviated by an amendment, and it cannot be raised for the first time on appeal."

And this court, in the case of Patterson v. Missouri, K. & T. Ry. Co., 24 Okla. 747, 104 Pac. 31, in the body of the opinion, by Justice Kane, who delivered the opinion of the court, said:

"Indeed, counsel for defendant in error in their brief do not seriously insist that under the circumstances strict compliance with this clause was necessary to a recovery, but claim that there was a fatal variance between the contract declared upon by the plaintiff and the one established by the evidence. There was, we think, a variance between the allegations of the petition and the proof, but no variance was complained of in the court below, and it was never suggested that the defendant was misled thereby to its prejudice in maintaining its defense upon the merits.

"Section 4337, Wilson's Okla. Rev. & Ann. St. 1903, provides that: 'No variance between the allegations, in a pleading, and the proof, is to be deemed material, unless it has actually misled the adverse party, to his prejudice, in maintaining his action or defense upon the merits. Whenever it is alleged that a party has been so misled, that fact must be proved to the satisfaction of the court, and it must also be shown in what respect he has been misled, and thereupon the court may order the pleading to be

amended upon such terms as may be just.' The general rule is stated in 22 Enc. of P. & P. 640, as follows: 'A variance may be waived by failing to object at the proper time to the admission of evidence on the ground that it does not correspond to the allegations of the pleading in support of which it is offered, by admission in the pleading of the party who would otherwise be in a position to take advantage of the variance, or by a failure to allege surprise, seek postponement of the trial or take other steps that are essential to make the question of variance available on appeal.' We are of the opinion that under the foregoing authorities and provision of our statute 'the question of variance is not available to the defendant in this court."

The defendant below not having saved any exceptions or raised the question in any way, it is too late to raise it here for the first time. On the other point in the case, we think there was ample testimony for the jury to base their verdict. The testimony of Brittain is clear that Stroup came to him and solicited him to find a purchaser for his stock of goods, and that he would pay him for his trouble. Brittain did find the purchaser and brought them together and the deal was consummated to the satisfaction of Stroup, and the jury evidently took this view of the case and rendered its verdict accordingly. This court has so many times decided that where a case is fairly submitted to the jury and there is a controverted question of fact for the jury to pass on, that this court will not disturb the verdict, if there is any testimony to sustain it. Incorporated Town of Wetumpka v. Burke, 88 Okla. 186, 211 Pac. 522. No question is raised about Stroup being in possession of his faculties at the time the deal was made, but shortly afterwards he had a nervous breakdown, and so far lost his mind that it was deemed best to have a guardian appointed for him, and the guardianship was still pending at the time this case was tried. On the entire record, we think that substantial justice has been done, and that the judgment of the trial court should be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 3 C. J. p. 796; (2) 9 C. J. p. 590; (3) 4 C. J. pp. 647, 850.