## City of Prestonsburg, et al. v. Lafferty, et al.

(Decided March 4, 1927.)

### Appeal from Floyd Circuit Court.

1. Municipal Corporations—Evidence of Damage to Property Because of Insufficient Culvert Held Inadmissible, where Petition Alleged Injury to Health, Comfort, and Peace Only.—Where petition only alleged cause of action for injury to plaintiff's health, comfort, and peace in occupancy of their homes by obnoxious odors from filth and debris washed on their property because of city's construction of insufficient culvert, admission of evidence of amount of damage to property was error, as authorizing award of damages not claimed in pleadings.

2. Municipal Corporations—Testimony as to Typhoid Fever Held Inadmissible Against City, in Absence of Evidence Disease was Caused by Overflows from Insufficient Culvert.—In action against city for injuries to plaintiffs' health, comfort, and peace in occupancy of their homes because of insufficient culvert, testimony that plaintiff had serious attack of typhoid fever held inadmissible, in absence of evidence that such disease was caused by, or resulted from, overflow of plaintiffs' property as alleged.

3. Trial—Instructions Authorizing Recovery for Alleged Damage to Health by Overflow of Property Held Erroneous, in Absence of Evidence of Such Damage Thereby.—In action for injury to plaintiffs' health, comfort, and peace in occupancy of their homes by overflow of their property because of insufficient culvert constructed by defendant city, instructions broad enough to authorize recovery for damage to their health held erroneous, in absence of

evidence that plaintiffs or any members of their families suffered in health by reason of such overflow.

4. Municipal Corporations—Depreciation in Value of Property Overflowed Held Not Recoverable in Action for Injuries to Comfort and Peace in Occupancy of Homes.—Depreciation in value of property overflowed because of city's construction of insufficient culvert held not an element of damage in action for injury to plaintiffs' health, comfort, and peace in occupancy of their homes; they being entitled to recover only for depreciation in value of use and occupancy of their homes.

F. P. BELL and ALEX H. SPRADLIN for appellants.

A. T. PATRICK for appellees.

OPINION OF THE COURT BY TURNER, COMMISSIONER— Reversing.

Appellees, who are joint owners of a lot and two houses in Prestonsburg, brought this action for damages against the city, alleging that the city caused to be built and constructed at or near the corner of their property, a culvert which was carelessly built and constructed, and so small as that it would not carry all of the water which flows and runs down the branch at that point; that the culvert at times would be choked up, whereby the water would be caused to wash and flow over the plaintiffs' property, together with mud, sticks and other kinds of filth and debris, whereby there was created obnoxious and dangerous odors and fumes which were offensive and injurious, and which made their homes uncomfortable, unpleasant and unhealthy, and because of which their health had been impaired and their comfort and peace disturbed. That such condition had been permitted to remain and exist notwithstanding divers requests to remove the cause.

The answer put the material allegations in issue, and in a separate paragraph pleaded that the stream referred to was a small stream, and that the culvert mentioned was built in a workmanlike and skillful way, and was sufficient to and did carry off the surface water flowing through that drain in its natural course, except at times when there was an unusual and unexpected flood; that the only reason the culvert chokes up, if it does, is due to the fact that plaintiffs wrongfully and in violation of the city ordinances threw into the drain sticks, cans and other rubbish which occasionally did fill up the cul-

vert; and it is affirmatively alleged that the plaintiffs, by their own wrongful acts in violation of the city ordinances and laws of this state, caused the obnoxious odors, if any, and in violation of law, and have continued and still continue to cause and permit said conditions.

A reply made up the issues, and on a trial there was a verdict and judgment for $600.00 in damages.

Clearly the petition only alleges a cause of action for injury to the health, comfort and peace of the plaintiffs in the occupancy of their homes, and does not assert damages to the property itself.

Notwithstanding there was no such issue, the court, over defendants' objection, permitted evidence to go to the jury as to the amount of the damage to the property by reason of the construction of this ditch. It is needless to say that this was error, and wrongfully gave to the jury a basis for the fixing of damages not claimed in the pleadings.

There was evidence tending to show that the peace and comfort of the occupants of the two houses had been at times interfered with because of the overflows brought about, as alleged, by the insufficient culvert, and the debris and filth which consequently settled upon their property. But there was no competent evidence tending to show that the plaintiffs, or any members of their families, had suffered in health by reason of such overflows. It is true one of the plaintiffs testified that he had a serious attack of typhoid fever, and had expended $700.00 in doctor's bills, etc., but there is nothing in the evidence to show either that his disease was caused by or resulted from such overflows, or connected therewith. On another trial this evidence will be eliminated, unless there be some competent evidence tending to connect his illness with the filth and debris caused to settle upon his lot by the overflows.

On another trial the instructions should confine the plaintiffs' right of recovery to damages to their peace and comfort in the occupancy of their homes, and should not be so broad or general as to include damage to their health unless the competent evidence authorizes it. Also the second instruction should be so written as to make it plain to the jury that the depreciation in the value of the property is not an element of damage, but that the plaintiff may recover only for the depreciation in the value of the use and occupancy of their homes.

The other errors complained of will probably not occur upon another trial; but for the reason stated the judgment is reversed, with directions to grant appellant a new trial, and for further proceedings consistent herewith.