## Thomas et ux. v. Louisville & N. R. Co.

(Decided May 8, 1936.)

DONALD L. WOOD for appellants.

O. R. BRIGHT and ASHBY M. WARREN for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The branch railroad of defendant, Louisville & Nashville Railroad Company, running from Maysville to Paris, Ky., was built something in the neighborhood of 50 years ago. Its approach into Maysville is on the side of a precipitous hill, running down which is a natural ravine which the track crosses on a fill with a culvert under it in the bed of the natural branch. On the upper side the fill is about 15 feet high, and on its lower side 25 feet high. At a point a short distance south from the lower end of the culvert the branch empties into Limestone creek. Between the latter and the railroad track is located a parcel of land, a portion of which is level near the creek consisting of about seven acres and owned by appellants and

plaintiffs, Andy Thomas and his wife, Hattie Thomas. Alleging that the fill collected an undue amount of water on its north or upper side, and that the size of the culvert thereby emptied on plaintiff's premises an increased amount of water over and above which the branch in its natural state would do, whereby their premises were damaged, they sought by this action, filed in the Mason circuit court, to recover of defendant the amount of $600 for the wrongs complained of in their petition.

The answer was (a) a denial of the material averments of the petition with reference to the damages sought to be recovered. In another paragraph it averred (b) that prior to 1928 there was a circular cast-iron culvert at the point complained of about 30 inches in diameter which was placed there at the time of the building of the track, but it had gotten out of repair to the extent that a new culvert was needed and a new concrete square one was built which is 30 by 36 inches; that it and the fill above it with defendant's track thereon was and is a permanent structure, and all of them were constructed according to scientific principles, and that more than five years had elapsed since the permanent structures were built and plaintiff's cause of action was thereby barred. Still another paragraph averred (c) that the structures were built and were in the same condition in 1933 when plaintiffs acquired their land as they were when the action was filed, and that whatever damage, if any, resulted therefrom reduced the value of the track, the benefit of which plaintiffs obtained in making their purchase and thereby they were without right to maintain the action. An additional paragraph averred (d) that in 1923 a Mrs. Coughlin owned the land now owned by plaintiffs, as well as an additional quantity above the railroad track. She was a widow and as such owner she asserted a claim for damages against the defendant similar to the one now in litigation in this case; that defendant compromised with her by paying her $500 when she executed a receipt in the nature of a release of all present and future damages to the land because of the matters then complained of by her and which, as we have seen, are the same ones now in litigation, except, perhaps, that the concrete sewer might be some larger than its predecessor, the original cast-iron cul-

vert; that such release was acknowledged by Mrs. Coughlin and put to record, and that plaintiffs had both constructive and actual knowledge thereof at the time they made their purchase in 1933, but which was only that portion of the land at or near the foot of the hill on the south side of the railroad track, they not having purchased any of the land owned by Mrs. Coughlin above the railroad track. Mrs. Coughlin later sold the land to one Harris, and he in turn conveyed it to plaintiffs.

A demurrer to the various paragraphs of the answer was overruled, and plaintiffs filed a reply, but in which they did not deny defenses (c) or (d) supra. The court sustained a demurrer to their reply, and on their failing to plead further their petition was dismissed, followed by this appeal by them. The learned trial court filed no opinion on disposing of the demurrer, but clearly he concluded that either one, or, perhaps, all of the affirmative defenses interposed constituted a valid defense to the action. If, however, he was correct as to the sufficiency of only one of them, the judgment will have to be offirmed.

Without determining other affirmative defenses, we have concluded that defense (c), if true, which the demurrer thereto admitted, was and is a bar to plainti:s' right to maintain the action, and for which reason the other affirmative defenses will be put aside without determination, although defense (d) would also bar plaintiffs' right to maintain the action if the substituted concrete culvert was substantially the same in capacity as the original cast-iron one, in existence at the time of the execution of the Coughlin release. See Chesapeake & Ohio Railway Company v. May, 157 Ky. 708, on page 715, 163 S. W. 1112.

A similar situation involving and presenting the same defense (c) supra, was before us in the case of Hutchinson v. Louisville & N. R. Co., 247 Ky. 317, 57 S. W. (2d) 12, 15. In that case the defendant railroad company had increased the height of an elevation for its tracks in the center of Main street in Frankfort, Ky. After the increase was made, or after it had become thoroughly understood that it was to be made, plaintiff therein purchased his abutting premises and in his action sought to recover damages growing out of the changed conditions. The trial court of that case,

in instruction No. 4, told the jury to find for the defendant if it believed from the evidence that plaintiff purchased his property after it became generally known that the railroad track and the structure on the street would be changed in that location. In passing on the propriety of that instruction, which was complained of on appeal (plaintiff having lost in the trial court), we said: "This instruction was authorized by the pleadings and the evidence, and the principle which it embraces was approved by this court in the cases supra. It is based on the presumption that, if any damage resulted, the same occurred when it became generally known to the public that the road was going to be changed in accordance with the ordinance, and before Hutchinson acquired his title, and that on account thereof, when he purchased and accepted the deed, he did so at a reduced price. Muir v. Cox, 110 Ky. 560, 62 S. W. [23 Ky. Law Rep. 6]; East Cairo Ferry Co. v. Brown, 233 Ky. 299, 25 S. W. (2d) 730; Long v. Howard, 229 Ky. 369, 17 S. W. (2d) 207; Hedges v. Stucker, 237 Ky. 351, 35 S. W. (2d) 539." The inserted cases from that opinion sustain the defense therein upheld, as was also done by us in the still prior ones of Young v. Illinois Central Railroad Co., 220 Ky. 322, 295 S. W. 156, 158, and Payne, Agent, v. Smith, 198 Ky. 564, 249 S. W. 995, 996.

These opinions give effect to the fact that a purchaser of land, with knowledge of the existence of such damaging permanent structures, will not thereafter be allowed to recover alleged injuries to the land by reason thereof, upon the ground that he is presumed to have obtained the benefit of the reduced value of the property because of such damaging structures. The principle was thus expressed in the Payne opinion: "With these facts in mind, it is apparent that Smith was not entitled to recover at all, for he purchased his lands several years before the flooding of the grounds now complained of, with full knowledge of the existence and condition of the embankment maintained by the railroad and the further fact that the said lands frequently overflowed. In such case no recovery is allowed because it is presumed that one purchasing such land with such knowledge takes it in its then condition subject to all the inconveniences and

overflows occurring from water of which he knew at the time he purchased the same."

In the Young Case the principle was upheld and expressed in substantially the same language, thus: "Appellants purchased the land with knowledge of the existence of the condition of the embankment and the ditch, and there is nothing in the evidence to show that they were in any way misled, or that they did not receive a reasonable reduction on the price of the land by reason of the existence of these conditions. If this is true they would not be entitled to recover damages caused by the conditions which they knew about when they purchased the land and which damages had been continuing from year to year for many years prior to their purchase. Payne, Agent, v. Smith, 198 Ky. 564, 249 S. W. 995."

The admitted and undenied averments of the answer with reference to the defense now under consideration bring this case squarely within the principle announced in our prior ones referred to, and the court properly sustained it by dismissing plaintiffs' petition.

Wherefore, the judgment is affirmed.