## CITY OF HOLDENVILLE v. KISER et vir.

No. 27018.    Jan. 26, 1937.

Rehearing Denied Feb. 16, 1937.

Hugh A. White, for plaintiff in error.

Pryor & Sandlin, for defendants in error.

PER CURIAM. This action was instituted in the district court of Hughes county by Susan T. Kiser and W. R. Kiser, hereinafter referred to as plaintiffs, against the city of Holdenville, hereinafter referred to as defendant, to recover damages which the plaintiffs alleged they had sustained as the result of the pollution of a stream by the defendant.

The following facts appear from the record to be undisputed: The plaintiffs were the owners of an 80-acre farm which they occupied as a residence and on which they had two wells of water and a tenant house

The defendant had a septic tank and sewage disposal plant located in close proximity to the premises of the plaintiffs; the discharge from the aforesaid septic tank and disposal plant emptied into a small stream which flowed across the lands of the plaintiffs. The plaintiffs claimed that during the years 1931 and 1932 the discharge from the septic tank and disposal plant had polluted and contaminated the stream to such an extent that they were injured thereby both in their persons and property. In their petition the plaintiffs alleged three causes of action. Under the first cause of action they sought to recover for annoyance and discomfort occasioned by foul odors which came from the stream, and under the second cause of action for time and trouble expended and occasioned in hauling water for domestic use, which they assert had been made necessary by reason of the pollution from the stream getting into their two wells of water and rendering the same unfit for domestic consumption, and under the third cause of action they sought recovery for depreciation in the usable and rental value of the premises which they alleged had been brought about by the stench arising from the polluted stream. The answer of the defendant was a general denial, and a plea of the statute of limitations in bar. Trial was had to a jury. Demurrers to the evidence and motion for directed verdict interposed by the defendant were overruled and denied. The jury returned a verdict in favor of the plaintiffs and assessed their recovery at $250 under the first and second causes of action, respectively, and at $500 under the third cause of action, making an aggregate recovery of $1,000.

Defendant appeals from the judgment rendered on the verdict and the order overruling its motion for a new trial. As grounds for reversal the defendant assigns 15 specifications of error. These are presented and discussed under three general propositions which may be summarized as follows: (1) That the verdict and judgment are contrary to law; (2) that the court erred in giving certain instructions; and (3) that the verdict and judgment are contrary to the evidence.

The above propositions are so interwoven and presented in connection with the verdict of the jury as applied to each separate cause of action that there is no necessity for separate discussion. The gist of defendant's contention is that the plaintiffs had but one action and were limited to one recovery, and that, since the plaintiffs pleaded that their damages were caused by a tempo-

rary nuisance, they were bound to produce evidence in support of this pleading, and that all evidence offered which tended to show a depreciation in the market value of the property constituted a variance, and that the instructions given by the court relative to the measure of damages and which permitted the jury to take this evidence into consideration constituted error. The pollution of a stream by sewage ordinarily constitutes a temporary nuisance. Oklahoma City v. Page, 153 Okla. 285, 6 P. (2d) 1033; Oklahoma City v. West, 155 Okla. 63, 7 P. (2d) 888. The plaintiffs were entitled, however, to maintain an action for any injury to their person as well as an action for any injury to their property. The cases cited by the defendant as holding to the contrary were overruled in Oklahoma City v. Eylar, 177 Okla. 616, 61 P. (2d) 649, wherein it was said:

"The personal inconvenience, annoyance and discomfort to the occupant of real estate caused by the maintenance by another of a temporary nuisance in the immediate vicinity of said real estate is a separate and distinct element of damage from that of the depreciation of the usable or rental value of the real estate occupied; the measure of such damages being reasonable compensation for the injury."

The injuries for which relief was sought being distinct, they constituted separate causes of action, and it was proper to so plead them. Oklahoma City v. Tytenicz, 171 Okla. 519, 43 P. (2d) 747. The plaintiffs had but two causes of action, however; one for injury to their persons, and the other for injury to their property. Therefore the second and third causes of action as pleaded in petition must be treated as one. The testimony with reference to the injury to the property consisted of testimony relative to the value of time and effort expended in hauling water and testimony with respect to the value of the farm prior to the existence of the alleged nuisance and subsequent thereto. Defendant contends that this constitutes a variance between the pleadings and the evidence. To a certain extent this is true; however, this evidence appears to have been admitted without objection. Under these circumstances any variance between the pleadings and the evidence will be considered as waived and cannot be raised for the first time on appeal. See First National Bank of Mounds v. Cox, 83 Okla. 1, 200 P. 238; Stroup v. Brittain, 105 Okla. 276, 232 P. 814. While the evidence with respect to the value of the time and effort expended and incurred in hauling water could have

been amplified and more fully developed, yet, in view of the fact that it was not controverted, we cannot say that it was insufficient to establish the claim of the plaintiffs in this respect. The testimony relative to the depreciation of the market value of the property, while not the proper method of proving the usable and rental value thereof, cannot be said to be without some evidentiary value under the record here presented. As said in Oklahoma City v. Page, supra:

"It is true that for a permanent nuisance the measure of compensation is one sum for all damage, and the allowance is whatever difference in market value results from a consideration of all the damage, but it does not follow that a difference in market value cannot be a proper measure of recovery for damage done by a temporary nuisance, so far as such a difference has actually resulted, solely from what has already been done, and is not required to be at all conditional upon a further continuance of the tortious conduct. While for a temporary nuisance there can only be a recovery for the wrong already committed, that in no manner denies recovery for damage that has resulted in depreciation in value not dependent upon prospective cause."

So here we consider that there was sufficient competent evidence to justify the jury in finding that the damage awarded had been sustained as a result of the temporary nuisance.

The defendant took exception to the two instructions given by the court on the measure of damages, but did not suggest or request a correct instruction thereon. The general rule is that where such action is taken and there is any competent evidence to show damages alleged and that the verdict is not excessive, the judgment will not be reversed because the instructions are inaccurate. Under the circumstances presented by this record and the failure of the defendant to request a correct instruction, we are of the opinion that the applicable rule is stated in Oklahoma City v. Page, supra, as follows:

"While it is the duty of the court to give instructions fairly covering the case and it is error to refuse requested instructions which are proper, or to give instructions which are erroneous, yet, if under any possible view of the law and the evidence, a plaintiff would be entitled to recover in at least the amount of the verdict rendered in her favor, no such errors would be reversible."

After a careful review of the entire

record, we are convinced that the verdict as a whole is not excessive, and that there is no duplication, and that the verdict has competent evidence to support the same, and that the judgment does substantial justice between the parties. Under. these circumstances, such judgment will not be disturbed.

Judgment affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and BUSBY, GIBSON, and HURST, JJ., concur.