## CALHOUN et al. v. KENTUCKY–WEST VIRGINIA GAS CO.

### KEEN et al. v. SAME.

### SWORD et al. v. SAME.
#### Nos. 10537–10539.

Circuit Court of Appeals, Sixth Circuit.
March 15, 1948.

Jean L. Auxier, of Pikeville, Ky. (Jean L. Auxier and William J. Baird, both of Pikeville, Ky., on the brief), for appellants.

John L. Smith, of Catlettsburg, Ky. (John L. Smith, of Catlettsburg, Ky., and Joseph D. Harkins, of Prestonsburg, Ky., on the brief; Joseph D. Harkins, Jr. and Walter S. Harkins III, both of Prestonsburg, Ky., of counsel), for appellee.

Before SIMONS, McALLISTER and MILLER, Circuit Judges.

SIMONS, Circuit Judge.

The appellants all live in the vicinity of a large pumping plant at Dwale, in Floyd County, Kentucky, operated by the appellee. The plant was put into operation in November, 1941, furnishes the motive power for a long-distance pipe line transporting natural gas, and contains heavier and more powerful machinery than has ever been before the subject of litigation in Kentucky. The Calhouns acquired their property before the plant was constructed and have lived there ever since. The Keens acquired their property after the pumps were put into operation, and the Swords are tenants who have lived in the vicinity since the completion of the plant. The appellants sought damages for injury to themselves and their homes because the machinery of the plant caused such violent quaking of the earth that their houses and other possessions were injured and their peace and quiet disturbed, with physical and mental suffering resulting.

The court below concluded that under Kentucky law recovery for injuries result-

ing from nuisance is limited to those owning real property at the time the alleged nuisance is first put into operation, that damages are measured solely by depreciation in the market value of the property injured, and that there may be no recovery for annoyance, inconvenience, sickness, or personal discomfort. Although each of the plaintiffs individually sued for $3,500 for personal injuries and each family group for $750 for injury to property, the court concluded that since the amount sought to be recovered by each group of plaintiffs for damages to real property was less than $3,000 it lacked jurisdiction over the controversies and dismissed the actions upon a pre-trial hearing.

The causes are here upon a consolidated appeal from the judgments of dismissal, and the controversy as it has been developed in brief and argument revolves about Kentucky law in respect to whether recovery may be had for personal injuries as distinguished from injuries to real property. The jurisdictional issue being perceived, it must first be disposed of, since it is elementary that a court has no power to decide the merits of a controversy over which it has no jurisdiction, except insofar as it may be imperative to determine facts upon which the issue of jurisdiction itself depends.

 Jurisdiction was invoked on the ground of diversity of citizenship. The general rule in such cases is that the jurisdiction of the Federal Court has to be determined by the allegations of the bill and not upon the facts as they may turn out, or by a decision on the merits. Mosher v. Phœnix, 287 U.S. 29, 53 S.Ct. 67, 77 L.Ed. 148; Levering & Garrigues Co. v. Morrin, 289 U.S. 103, 53 S.Ct. 549, 77 L.Ed. 1062. If the bill of complaint sets forth a substantial claim, a case is presented within the federal jurisdiction, however, the court upon consideration may decide as to the legal sufficiency of the facts alleged to support the claim. Jurisdiction as distinguished from merits is wanting where the claim set forth in the pleading is plainly unsubstantial, either because obviously without merit or because its unsoundness results so clearly from court decisions as to leave no room for the inference that the questions sought

to be raised can be the subject of controversy. Levering & Garrigues Co. v. Morrin, supra.

 In St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288, 58 S.Ct. 586, 590, 82 L.Ed. 845, the rule governing dismissal for want of jurisdiction is said to be that the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal and the inability of the plaintiff to recover an amount adequate to give the court jurisdiction does not show bad faith or oust the jurisdiction. "If, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed." It is clear from these statements of principle that the stricter test of Vance v. W. A. Vandercook Co., 170 U.S. 468, 18 S.Ct. 645, 42 L.Ed. 1111, will no longer be applied.

 It may not be said in the present cases that jurisdiction was invoked in bad faith, or that the plaintiffs were not entitled by their proofs to recover the amounts claimed because no proofs were taken. The issue therefore comes to this: whether it is apparent to a legal certainty upon consideration of Kentucky law that the plaintiffs could not recover the amount of damages they sought. Even a superficial examination of Kentucky cases discloses that there was a very real controversy in respect to the applicable law of Kentucky. There are cases which seem to hold that a plaintiff may recover for discomfort suffered by him and his family in addition to the actual damage to his property. Mahan v. Doggett, 84 S.W. 525; Wiedman v. Line, 13 Ky.Law Rep. 590; City of Madisonville v. Hardman, 92 S.W. 930, 29 Ky.Law Rep. 253; Kentucky Distilleries & Warehouse Co. v. Barrett, 112 S.W. 643. In other cases, it has been held that annoyance and discomfort are not of themselves elements of damage for which recovery may be had, in addition

to the diminution in the value of the use of property. Such elements may be, however, shown for the purpose of demonstrating reduced value. Southern R. Co. v. Routh, 161 Ky. 196, 170 S.W. 520; Kemper v. City of Louisville, 77 Ky. 87; Gay v. Perry, 205 Ky. 38, 265 S.W. 437; Kentucky-Ohio Gas Co. v. Bowling, 264 Ky. 470, 95 S. W.2d 1; City of Hazard v. Eversole, 280 Ky. 621, 133 S.W.2d 906. It would seem therefore that upon the face of the pleadings the plaintiffs in each of the present cases have made a sufficient disclosure of federal jurisdiction in respect to the amount in controversy, and that any infirmity in this respect to a legal certainty could only appear after a decision upon the merits. In any event, if the Kentucky rule is that personal suffering, annoyance, and discomfort may properly be shown in demonstrating the reduced value of the plaintiffs' property, and as to this the court announced no conclusion, then a cause of action was stated within the area of federal jurisdiction. If, for purpose of technical precision amendment be thought wise, it may appropriately be sought and granted under the provisions of Rule 15, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which requires that leave shall be freely given when justice so requires.

Finally, it is to be observed that no Kentucky case has been cited which denies recovery for personal damages arising through annoyance when damages for injury to property are not also sought. At least one Kentucky case permits such independent recovery. City of Prestonsburg v. Lafferty, 218 Ky. 652, 291 S.W. 1030. Compare Nathan v. Rock Springs Distilling Co., 6 Cir., 10 F.2d 268. If such damages may independently be sought under Kentucky law, in an action divorced from a claim of damages to real property, there would be no infirmity in the complaints of the respective appellants if the claims for injury to the real estate were quashed and there seems to be no more reason for eliminating these than for eliminating the others.

The judgments of dismissal are reversed and the causes are remanded for trial on all issues in conformity herewith.