**KENTUCKY WEST VIRGINIA GAS CO. v. LAFFERTY et al.**

**KEEN et al. v. KENTUCKY WEST VIRGINIA GAS CO.**

Nos. 10806, 10807.

United States Court of Appeals
Sixth Circuit.

May 2, 1949.

See also 166 F.2d 530.

John L. Smith, of Catlettsburg, Ky. (John L. Smith, of Catlettsburg, Ky., and Joseph D. Harkins, of Prestonburg, Ky., on the brief), for Kentucky West Virginia Gas Co.

Jean L. Auxier, and William J. Baird, both of Pikeville, Ky. (Jean L. Auxier and Wm. J. Baird, both of Pikeville, Ky., on the brief), for Lafferty, Keen, and others.

Before ALLEN, MARTIN, and McALLISTER, Circuit Judges.

McALLISTER, Circuit Judge.

These two appeals include fifteen cases which were consolidated for trial in the district court. In the cases involved in the first appeal, complainants below were awarded damages, and the Kentucky West Virginia Gas Company appeals; in the second appeal, the district court dismissed the suits of complainants, and they seek review of such determination.

In November, 1941, the Kentucky West Virginia Gas Company placed in operation a plant furnishing the motive power for a long-distance pipe line transporting natural gas and containing unusually heavy and powerful machinery. The complainants in the district court in both of the above appeals sought damages for the diminution of the value of the use and enjoyment of their residences because the machinery of the plant caused violent quaking of the earth and the shaking and trembling of the houses in which they lived.

In various cases involving damages resultant from nuisances, the courts of Kentucky, according to the proofs and issues, allow recovery for damages for (1) the depreciation of the market value of real estate; (2) for depreciation of the rental value; (3) for personal injury to the owners or occupiers of the real estate; and (4) for diminution of the value of the use and enjoyment of the property. The complainants sought damages resulting from a permanent nuisance and that is the only kind of nuisance upon which recovery is here justified. Originally, the complainants asked damages for the diminution of the value of the use of their property and for the depreciation of the market value of the real estate. At the conclusion of the proofs, they dismissed their claim "to real property damage." In a colloquy with the court, it was explained that they wished to dismiss their claim for depreciation of the value of the real estate, and to go to the jury on the question of the diminution of the value of the use of their property. The district court liberally and properly construed the pleadings and the motion of dismissal of part of the original claim, and subsequently submitted the case on the sole question of damage to the value of the use of the property.

After complainants' dismissal of their claim for damages for depreciation of the value of the real estate, there remained in the case two possible claims for dam-

ages—for personal injury from the nuisance, and for diminution of the value of the use and enjoyment of the property. Counsel for the gas company contend that both of these kinds of damage are of the same nature, that is, that they both come under the classification of personal injuries. This question becomes important because, at the conclusion of the proofs, the gas company moved for permission to file an amended answer, pleading the Kentucky one-year statute of limitations for personal injuries. KRS 413.140. Such a plea would serve as a bar to the recovery of damages for diminution of the value of the use of the property, if such damages were for personal injuries, except such damages as had accrued within the year before the filing of the suit. Kentucky Distilleries & Warehouse Co. v. Barrett, Ky., 112 S.W. 643. Although the district court refused permission to amend the plea, setting up the statute of limitations as a defense, we deem it proper to consider the case as though the plea had been timely filed and allowed by the court.

There is a substantial difference between damages for discomfort, annoyance, and the like, regarded as allowable for personal injury, and damages allowable for depreciation in the value in the use of premises. A claim of damages for diminution of the value of the use of real estate is not a claim for damages for personal injury, but for injury to the real estate, and with this conclusion, counsel for the appellant company agree. See City of Holdenville v. Kiser, 179 Okl. 216, 64 P.2d 1223. Complainants' claims for damages for diminution of value of the use of the property, being based upon a property injury, would, therefore, not be barred by the Kentucky one-year statute of limitations applicable to personal injuries.

A more difficult question is presented with respect to the question of the measure of damages in the case. It is submitted that if the nuisance is temporary, the measure of damages is the depreciation in the rental value of the property, if it be rented, or, if occupied by the owner, the diminution of the value of the use and occupation, citing Pickerill v. City of Louisville, 125 Ky. 213, 100 S.W. 873; Hutchison v.

City of Maysville, 100 S.W. 331, 30 Ky.Law Rep. 1173; City of Madisonville v. Hardman, 92 S.W. 930, 29 Ky.Law Rep. 253. However, if the nuisance is permanent, it is declared that the measure of damage is the depreciation in the market value of the property, citing Kentucky-Ohio Gas Co. v. Bowling, 264 Ky. 470, 95 S.W.2d 1; Gay v. Perry, 205 Ky. 38, 265 S.W. 437; Cumberland Grocery Co. v. Baugh's Adm'r, 151 Ky. 641, 152 S.W. 565, 43 L.R.A.,N.S., 1037, Ann.Cas.1915A, 130; Louisville H. & St. L. R. Co. v. Roberts, 144 Ky. 820, 139 S.W. 1073; City of Madisonville v. Hardman, supra.

In this case, counsel for the company contend that, although the nuisance was admittedly a permanent nuisance, the trial court, instead of properly instructing the jury that the measure of damages was the difference in market value of the property, instructed that the jury should determine whether and how much the value of the use of the property had been diminished; and that the measure of damages so given was the one properly applicable to a temporary nuisance instead of a permanent one. Consideration of the claim that the trial court erred in applying to an admittedly permanent nuisance the measure of damage applicable only to a temporary nuisance requires some review of the Kentucky cases on the subject, as under the rule in Erie R. Co. v. Tompkins, 304 U. S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A. L.R. 1487, Kentucky law, as declared by the courts of that state, is here controlling.

The above cases, cited by counsel for the gas company, sustain their contention on the measure of damages allowable in cases involving temporary and permanent nuisances. However, dependent on the special circumstances involved, there has been considerable qualification of, and supplement to, the general rule so announced, in the actual decisions of other Kentucky cases. Thus, in a case involving a temporary nuisance, City of Prestonsburg v. Lafferty, 218 Ky. 652, 291 S.W. 1030, supports a rule of recovery by an occupant of real estate of damages for sickness and health as an element additional to, or separate from, damages recoverable in respect of an injury to the property or by its use. Kentucky

Distilleries & Warehouse Co. v. Barrett, Ky., 112 S.W. 643, a case involving a temporary nuisance, sustained a verdict for damages for injury to health and also to real estate. In Mahan v. Doggett, 84 S. W. 525, 526, 27 Ky.Law Rep. 103, in a case involving a temporary nuisance, it was held that the plaintiff could recover for damage to his personal property, his real estate, and for the discomfort suffered by him and his family. Further, it was said that even if he had sustained no damage to his property, he would have been entitled to recover for the discomforts suffered. With respect to the damage caused by the temporary nuisance, the court said: "All the damages occasioned by it ought to have been recovered by the injured party." In City of Madisonville v. Hardman, supra [92 S.W. 931, 29 Ky.Law Rep. 253], in a case involving a permanent nuisance, it was held that "a recovery may be had where the evidence justifies it for sickness, disease, annoyance, discomfort, and injuries to property." The court further observed: "In fact, every injury to person and property that the person complaining has sustained by reason of the nuisance may be recovered in one action." It is important to note that the court did not find this holding inconsistent with its statement that the Kentucky rule "is that, where the injury or nuisance complained of is permanent, the measure of damage is the depreciation in the market value of the property." In Wiedman v. Line, 13 Ky. Law Rep. 590, in a case involving a permanent nuisance, where plaintiff alleged that defendant had erected a large brewery and that the operation of its machinery had jarred her house and cracked the walls and caused smoke and nauseous vapor to be thrown into her house, and that the jarring and noises created day and night by the operation of the machinery were so great as to cause sickness to her and her family and to make her house uninhabitable, the court of appeals held that she was entitled to recover upon proof of the facts alleged and of the damage suffered.

 While the Kentucky cases hold that there can be no recovery for depreciation of the market value of real estate because of a temporary nuisance, they do not forbid recovery of damages for diminution of value for the use and occupation of property because of a permanent nuisance, where such damage is the only damage suffered, or the only damage upon which recovery is sought, and plaintiff's right to all damage is comprehended and determined in one action. With regard to other elements of damages in nuisance cases, it was held in Chesapeake & O. R. Co. v. Caldwell, 213 Ky. 410, 281 S.W. 176, that such an element as discomfiture did not warrant a recovery in itself, for the reason that the diminution of value of the use of property included discomfiture. This is on the theory that to allow damages for such an element as discomfiture, separate from a recovery for diminution of value for the use of the property, in which discomfiture is included, would be to allow double damages. In City of Hazard v. Eversole, 280 Ky. 621, 133 S.W.2d 906, 909, it was held that it was not proper to permit a recovery for annoyance, discomfort, or sickness from a temporary nuisance, as these elements are necessarily included in the diminution of the value of the use, although proof of such annoyance, discomfort, and illness is admissible as affecting the value of the use. The court said:

"If a nuisance is a permanent nuisance the measure of damages is the depreciation in the market value of the property injured. If the nuisance is temporary and capable of correction at reasonable cost, the measure of damages, where the property is occupied by the owner, is the diminution in the value of its use during the continuance of the nuisance, and if the property is not occupied by the owner, the measure of damages is the depreciation in the rental value during the continuance of the nuisance."

However, it was declared in Gay v. Perry, 205 Ky. 38, 40, 265 S.W. 437, 438, that "There are many cases, of course, where one's person and property are injured by the same tort, and a recovery for each may be had in the same action,

852

but those are cases where the elements of damage are separate and distinct, and neither injury embraces elements necessarily included in the other." The court went on to say that the case then before it for consideration was one "where the value of the use of the residence was impaired, and this impairment was due to the annoyance, discomfort, and sickness of those occupying the residence. In such a case an examination of the authorities will show that the annoyance, discomfort, and sickness are not distinct elements of damage for which a separate recovery may be had, but are necessarily included in the diminution of the value of the use of the premises." With respect to the suggestion that the foregoing may be somewhat attenuated reasoning, it was remarked, in a comprehensive note on the subject in 142 A.L.R. 1307, 1319, that "The difference between a case in which the only damages recovered for a nuisance are said to be recoverable for personal discomfort, annoyance, etc., and a case in which the only damages recovered are said to be recoverable because of interference with the comfortable use and enjoyment of premises, may sometimes be chiefly a matter of language or theory." With regard to the problem before us, what appears to be the important pronouncement in Gay v. Perry, supra, is that in given cases, involving a nuisance, there may be, in Kentucky, a recovery for injury to a person's health and a recovery for injury to his property, in the same action; and such damages obviously may be recovered whether the nuisance is temporary or permanent. Such a recovery may be had, in the language of the court, "where the elements of damage are separate and distinct, and neither injury embraces elements necessarily in-

cluded in the other." Moreover, it is to be noted that none of the cases herein cited holding that damages are recoverable for all the injuries occasioned by a nuisance, has ever been overruled or qualified.

From the foregoing is to be drawn the conclusion that, according to Kentucky law, all injuries of every nature, whether real or personal, suffered from a nuisance, whether temporary or permanent, are recoverable as damages. Statements by the Court of Appeals of Kentucky, in various cases, that the measure of damages from a permanent nuisance is the depreciation of the market value of the real estate, and that the measure of damages from a temporary nuisance is the diminution in the value of the use and enjoyment of the property, do not necessarily exclude the recovery of other damages where they are proved to result from the nuisance. The courts, as heretofore remarked, find nothing inconsistent between the allowance of such other elements of damage and their statements of the measure of damages, as above mentioned. See City of Madisonville v. Hardman, supra.

There remains one observation to be made on this phase of the case. In City of Hazard v. Eversole, supra, in reversing a judgment, it was held that it was error to allow a recovery for the depreciation of the market value of property where the nuisance complained of was a temporary one. This is entirely reasonable for, as soon as the nuisance is abated, the former market value is forthwith restored. It would be clearly unjust, as well as illogical, to award damages in such a case on the ground that the damage was permanent instead of allowing for the diminution in the value of its use during the temporary period,[1]

[1] While appellant company complains that appellees were allowed damages for diminution of the value of the use of their property instead of for depreciation in its market value, it appears, in the other Kentucky cases where this issue has arisen, that in cases involving temporary nuisances, it is the appealing party that has always complained that damages for depreciation of the market value were allowed rather than damages for diminution of the value of the use of the property, it being usually the case that damages for reduced market value are greater than for diminution of value of use. The concern of the courts has been to restrict damages from a temporary nuisance to recovery for diminution of the value of the use; and it is apparently this consideration that has frequently brought forth expressions in the opinions to the effect that damages for

but it is neither illogical nor unjust to allow a recovery for diminution of the value of the use of property because of a permanent nuisance and such recoveries are justified on well reasoned grounds. Lewis v. Pingree National Bank, 47 Utah 35, 151 P. 558, L.R.A.1916C, 1260. In Daniel v. Fort Worth & Rio Grande R. Co., 96 Tex. 327, 72 S.W. 578, 580, the court declared: "The existence of a permanent nuisance may cause injury by destroying the comfort of a home and not cause loss in the market value of the property * * *." In Baltimore & Potomac R. Co. v. Fifth Baptist Church, 108 U.S. 317, 335, 2 S.Ct. 719, 731, 27 L.Ed. 739, the Supreme Court in speaking of a nuisance created by railway shops adjacent to a church, said:

"The plaintiff was entitled to recover because of the inconvenience and discomfort caused to the congregation assembled, thus necessarily tending to destroy the use of the building for the purposes for which it was erected and dedicated. The property might not be depreciated in its salable or market value, if the building had been entirely closed for those purposes by the noise, smoke, and odors of the defendant's shops. It might then, perhaps, have brought in the market as great a price to be used for some other purpose. But, as the court below very properly said to the jury, the congregation had the same right to the comfortable enjoyment of its house for church purposes that a private gentleman has to the comfortable enjoyment of his own house, and it is the discomfort and annoyance in its use for those purposes which is the primary consideration in allowing damages."

See also City of Holdenville v. Kiser, 179 Okl. 216, 64 P.2d 1223.

■ In view of the concern of the courts of Kentucky, as manifested in the cited cases, to insure that those who are damaged by nuisances recover, in one form or another, every injury to person and property which they suffer thereby, we cannot conclude that complainant appellees would be sent back empty handed, if this case were before the court of last resort of that state for determination on appeal, on the ground that, although these people undoubtedly suffered substantial damage in the use and enjoyment of their small homes and dwellings, they had no rights that a court would recognize because there resulted no depreciation of the market value of the real estate. The existence of a permanent nuisance may cause injury by destroying or diminishing the value of the use of property and not cause loss in the market value of the property.

■ With regard to the foregoing, it is to be emphasized that since the nuisance is a permanent one, complainants are considered to have recovered all of their damages in the action in which judgments in this case were rendered. Louisville, H. & St. L. R. Co. v. Roberts, 144 Ky. 820, 823, 139 S.W. 1073; Louisville & Nashville R. Co. v. Whitsell, 125 Ky. 433, 101 S.W. 334. Having sued for permanent injury to their property rights, appellees must be understood as having elected to recover all of the damages they had sustained or might thereafter sustain in one action. Central Consumers Co. v. Pinkert, 122 Ky. 720, 728, 92 S.W. 957, 13 Ann.Cas. 105.

■ Counsel for the gas company complain that the district court was not justified in permitting recovery by each user or occupant for diminution of the value of the use of the property. In Kentucky, it is held that a lawful possession, though unaccompanied by any title, is sufficient to support an action for damages for interference with lawful enjoyment of the premises by the person in possession. Brink v. Moeschl Ed-

---

reduction of market value are only for cases involving permanent nuisances, while, for temporary nuisances, the measure is based upon diminution of the value of the use. See City of Hazard v. Eversole, 280 Ky. 621, 133 S.W.2d 906; Chesapeake & O. R. Co. v. Cald-

well, 213 Ky. 410, 281 S.W. 176; City of Madisonville v. Hardman, 92 S.W. 930, 29 Ky.Law Rep. 253. See also Northern Indiana Public Service Co. v. Vesey, 210 Ind. 338, 200 N.E. 620, quoted in Kentucky-Ohio Gas Co. v. Bowling, 264 Ky. 470, 478, 95 S.W.2d 1.

wards Corrugating Co., 142 Ky. 88, 133 S.W. 1147, 34 L.R.A., N.S., 560; Roth v. Conly, 55 S.W. 881, 21 Ky.Law Rep. 1623. There were, however, before the trial court other considerations fraught with doubt and uncertainty. Among them was the question whether each of the complainants, including husbands and wives who were owners, as well as those who were only occupiers, was entitled to judgment. It might have been conceivable to the trial court that each, or certain of the complainants, could have recovered for injuries to themselves as well as sharing in a recovery for diminution of the value of the use of the property, in accordance with the rule stated by the court in Gay v. Perry, supra. If so, such recovery would have been, in part, for personal injury, and limited to the one-year period before the bringing of the suit, and, in part, for diminution of the value of the use of the property. Confronted with these confusing aspects of the case, the trial court was requested by counsel for the appealing company to instruct the jury as follows:

"The Court instructs the jury that if it finds for the plaintiffs, you will allow each plaintiff such a reasonable sum in money as will fairly and reasonably compensate them for the diminution, if any, of the value of the use and enjoyment of their respective residences."

The district court granted this request and instructed the jury in the above language.

To the objection now made that a recovery was allowed for each plaintiff in the case, the conclusive manner is that the instruction permitting each plaintiff to recover was that requested by counsel. See Philadelphia, Wilmington & Baltimore R. Co. v. Howard, 13 How 307, 343, 54 U.S. 307, 343, 14 L.Ed. 157; McGill v. District of Columbia, 15 D.C. 70, 4 Mackey 70, 54 Am.Rep. 256; and the same conclusion could as well apply to the contentions made with respect to the measure of damages. Under the circumstances of this case, it may be said that appellant company has not been imposed upon by the recoveries allowed.

It is our conclusion that complainant appellees suffered damage in the diminution of the value of the use of their property from a permanent nuisance, although there resulted no depreciation in the market value of the property because of the nuisance. No claim is made for any damage to property except for diminution in the value of its use. In suing for damage caused by a permanent nuisance, complainants elected to recover all the damage sustained or that might thereafter be sustained in one action. On proof of their damages, they were entitled to a judgment; nor do we consider that the verdicts were excessive.

Complainants in the district court who appealed from the order of dismissal of their petitions for damages for diminution of the value of the use of the property arising out of the nuisance are persons whose tenure and occupancy of the premises began only after the company's plant had been put into operation. It is held that purchasers of land who have knowledge of the existence of damaging permanent structures will not thereafter be allowed to recover for any damages to the land since they are presumed to have obtained the benefit of reduced value by the amount the prior owner could have recovered; and it is our conclusion that this rule is here controlling. Chesapeake & O. R. Co. v. Salyer, 272 Ky. 171, 113 S.W.2d 1152; Thomas v. Louisville & N. R. Co., 264 Ky. 457, 94 S.W.2d 996; Payne v. Smith, 198 Ky. 564, 249 S.W. 995. The complaints of appellants in the second appeal were properly dismissed by the district court.

In accordance with the foregoing, the judgments of the district court in the above cases are affirmed.